1

2

3            UNITED STATES DISTRICT COURT

4            NORTHERN DISTRICT OF CALIFORNIA

5

6
         Plaintiff(s),                    No. C       EDL
7
    v.                                    STANDING ORDER RE
8                                         CASE MANAGEMENT CONFERENCE

9

10
         Defendant(s).
11   _____/

12         **Lead trial counsel** who will try this case are directed to confer in advance of the Case

13   Management Conference with respect to all matters contained in the July 1, 2011 Standing Order for

14   all Judges of the Northern District of California regarding Contents of Joint Case Management

15   Conference, including **a discovery plan and discovery limits** and all other matters described in Federal

16   Rules of Civil Procedure 16(a), 16(b) and 26(f) and Civil Local Rule 16-10. Pursuant to Civil L.R. 16-

17   10(a), **lead trial counsel shall attend the Case Management Conference** and be prepared to discuss

18   all matters referred to in this order. Counsel shall have the authority to enter stipulations and make

19   admissions regarding all matters described herein.

20         PLAINTIFF IS DIRECTED TO SERVE COPIES OF THIS ORDER AT ONCE UPON ALL

21   PARTIES IN THIS ACTION AND UPON THOSE SUBSEQUENTLY JOINED IN ACCORDANCE

22   WITH THE PROVISIONS OF FEDERAL RULES OF CIVIL PROCEDURE 4 AND 5 AND CIVIL

23   LOCAL RULES 4 AND 5, and to file with the Clerk of the Court a Certificate reflecting such service.

24         Failure to comply with this order, the provisions of Federal Rule of Civil Procedure 16 and 26(f)

25   or the provisions of Civil L.R. 16-10 may be grounds for sanctions. (See Fed. R. Civ. P. 16(f)).

26
     Dated: October 2, 2012
27                                              _Elizabeth D. Laporte_____
                                                ELIZABETH D. LAPORTE
28                                              United States Magistrate Judge

STANDING ORDER

Magistrate Judge Elizabeth D. Laporte

1)  Civil law and motion is heard on Tuesdays at 9:00 a.m. Criminal law and motion is heard on
    Tuesdays at 11:00 a.m. Counsel need not reserve a hearing date in advance. However, noticed
    dates may be reset as the court's calendar requires.

2)  Case Management Conferences are held on Tuesdays at 10:00 a.m. Pretrial Conferences are held
    on Tuesdays at 2:00 p.m.

3)  Discovery motions may be addressed to the Court in three ways. A motion may be noticed on not
    less than 35 days pursuant to Civil L.R. 7-2. Alternatively, any party may seek an order to
    shorten or enlarge time under Civil L.R. 6-3 if the circumstances justify that relief. In
    emergencies during discovery events, the Court is available pursuant to Civil L.R. 37-1(b).

    In the event a discovery dispute arises, counsel (or if pro se, the party) seeking discovery or a
    protective order shall confer in good faith with opposing counsel (or pro se party) in an effort to
    resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L.R. 37-1(a).
    The Court will not consider discovery motions unless the moving party has complied with Fed. R.
    Civ. P. 37 and Civil L.R. 37-1(a).

4)  The Court strives to set matters and render decisions in a timely manner. The Court encourages
    parties to advise the Court by letter to chambers of any matter that appears to have been unduly
    delayed.

5)  Requests to appear telephonically at case management conferences must be filed and served one
    (1) week before the conference in accordance with Civil L.R. 16-10(a).

IT IS SO ORDERED.

Dated: November 28, 2012

ELIZABETH D. LAPORTE
United States Magistrate Judge

## Standing Order on Confidential and Sealed Documents

## Magistrate Judge Elizabeth D. Laporte

IT IS HEREBY ORDERED as follows:

DESIGNATION OF DOCUMENTS

Before designating any specific information "Confidential" or "Confidential - Attorneys' Eyes Only," the designating party's counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. The burden of establishing confidentiality shall be on the designating party.

Counsel are cautioned that over-designation of documents may result in sanctions. The filing of documents designated "Confidential" or "Confidential - Attorneys' Eyes Only" puts an additional burden on the Court. Often the party filing the document is not the designating party. In that situation the party does not have the option to unilaterally de-designate documents before submitting them to the Court, and therefore may have no choice but to request that they be filed under seal. Over-designating documents can thus result in unnecessary work for the Court in sorting out the documents that deserve sealing from those that do not, as well as additional work for the parties who must then re-file public versions of the non-confidential documents. The best way to avoid this result is for counsel to use best efforts to make appropriate designations at the outset, and to promptly de-designate a document when it comes to counsel's attention that the document is over-designated.

Before seeking to file under seal a document that another party has designated as Confidential or Confidential - Attorneys Eyes Only, Counsel shall review the document. If in Counsel's good faith judgment portions or all of the document have been unnecessarily

designated as Confidential or Confidential - Attorneys Eyes Only, Counsel shall meet and confer with counsel for the designating party to attempt to resolve the issue.

REQUESTS TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5

Any party wishing to file with the court any document(s) designated "Confidential" or "Confidential - Attorneys' Eyes Only" shall file the document(s) along with an Administrative Motion to File Under Seal pursuant to Civil Local Rule 79-5, and any proposal to seal documents must be narrowly tailored to seal only that material for which good cause to seal has been established. All requests to seal must comply with Civil Local Rule 79-5. The parties are cautioned that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Indus. Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992). Counsel may wish to put material which counsel seeks to seal in an appendix or an exhibit.

Dated: September 30, 2013

/s/ Elizabeth D. Laporte
ELIZABETH D. LAPORTE
United States Magistrate Judge

2

## STANDING ORDER FOR ALL JUDGES
## OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes ___ No

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Trial Procedure: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Professional Conduct: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

*Rev. August 25, 2014*                                    2