1 | ANTHONY J. ORSHANSKY, Cal. Bar No.199364
anthony@counselonegroup.com
2 | JUSTIN KACHADOORIAN, Cal. Bar No. 260356
justin@counselonegroup.com
3 | COUNSELONE, P.C.
9301 Wilshire Boulevard, Suite 650
4 | Beverly Hills, California 90210
Telephone: (310) 277-9945
5 | Facsimile: (424) 277-3727

6 | Attorneys for Plaintiffs JOHN HUEBNER and IRMIN
LANGTON, on behalf of themselves and others similarly
7 | situated

8

9 | UNITED STATES DISTRICT COURT

10 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 | JOHN HUEBNER and IRMIN LANGTON, | Case No. 3:14-cv-04735-VC
on behalf of themselves and others similarly
13 | situated, | [Assigned to the Honorable Vince Chhabria]

14 | Plaintiffs, | **CASE MANAGEMENT STATEMENT**

15 | v. | CMC:  June 2, 2015
Time:  11:00 a.m.
16 | RADARIS, LLC, a Massachusetts limited | Judge:  Hon. Vince Chhabria
liability company; RADARIS AMERICA, | Courtroom: 4, 17th Floor
17 | INC., a Delaware corporation; and EDGAR
LOPIN, an individual, | Complaint filed:  October 24, 2014
18 | Trial Date:  None Set

19 | Defendants.

20

21

22

23

24

25

26

27

28

Plaintiffs John Huebner and Irmin Langton ("Plaintiffs"), through their counsel herein, submit this Case Management Statement pursuant to this Court's request on May 29, 2015, Local Rule 16-9, and Rule 26(f) of the Federal Rules of Civil Procedure.

**1)      JURISDICTION AND SERVICE**

Plaintiffs' Complaint names three defendants:  Radaris America, Inc. ("Radaris America"), Radaris, LLC ("Radaris"), and Edgar Lopin ("Lopin") (together, "Defendants") - two related companies and their principal.   One defendant (Radaris America) was served with process on November 7, 2014.  It has not responded to the Complaint or otherwise appeared in the action, and has been in default since December 1, 2014.  Plaintiffs anticipate filing a Request for Entry of Default on June 1, 2015, and subsequently moving for a Default Judgment.   Plaintiffs have continued attempting service on the other two defendants, but have been unsuccessful.  Plaintiffs anticipate filing a Motion for Alternative Service on June 1, 2015.

Plaintiffs have engaged in numerous efforts to serve Radaris and Lopin.  Process servers reported that, as of January 16, 2015, they had been unable to effect service of process on either Radaris or Lopin at the addresses identified in the Summons.  Plaintiffs' process server reported that Radaris and Lopin are no longer at the addresses where service was attempted, and the tenants are unaware of their whereabouts.  The process server believed, that based on its research, Radaris may no longer be an active company.   The process server also performed a skip trace on Lopin in Massachusetts and did not locate him.

On or about January 28, 2015, Plaintiffs began working with a new process server to locate and serve Radaris and Lopin.   The new process server's research showed that Radaris, LLC's registration with the Massachusetts Secretary of the Commonwealth was cancelled as of December 12, 2013, that Radaris has been the subject of many consumer complaints, and that Radaris and its corporate officers use numerous aliases.

Edgar Lopin is sued as an individual, but in his capacity as resident agent of Radaris, LLC and Radaris America, Inc.  The addresses associated with him as resident agent is 1853 Commonwealth Avenue, Brighton, Massachusetts.  He is also listed as the business manager, with an address in Nicosia, Cyprus.  The addresses for Radaris are located in Massachusetts – 1853

1  Commonwealth Avenue, Brighton, Massachusetts, and 34 Washington Street, Suite 201,

2  Wellesley, Massachusetts.  Business information searches were conducted by the process server,

3  identifying multiple addresses, including those in the Summons.  Service was unsuccessful to all

4  of these addresses.

5       Plaintiffs were contacted by attorneys at the Boston Law Group, PC, located in Boston,

6  Massachusetts, who purportedly represented the three Defendants.  The attorneys requested an

7  extension of time to respond to the Complaint.  They also advised that Defendants wanted to mediate

8  the case, and engaged in discussions regarding the place for mediation and potential mediators,

9  requesting that mediation occur in Boston with a U.S. magistrate judge.

10       Just before the CMC on March 31, 2015, the Boston Law Group advised that they would not

11  appear on Defendants' behalf in this matter.  They explained that while they believed Boston Law

12  Group was being retained, Defendants were rethinking the costs involved in defending the action,

13  but might still be agreeable to mediation in Boston.

14       When Plaintiffs inquired whether Boston Law Group could accept service of process on

15  April 3, 2015, the attorneys changed position.  The Boston Law Group now claimed they were not

16  retained, only represented Defendants in the past, had no way to presently contact Defendants, were

17  not authorized to accept service, and that Defendants might be located in Russia.

18       Plaintiffs had understood that the Boston Law Group would be authorized to accept service

19  of process on behalf of Radaris and Lopin, and would represent all three Defendants in the action.

20  After the April 3, 2015 communication with the Boston Law Group, however, Plaintiffs resumed

21  efforts to serve Radaris and Lopin by other means.

22       Plaintiffs have attempted to serve Lopin by: (1) personally delivering the Summons and

23  Complaint to him through a process server; (2) mailing the Summons and Complaint to him via

24  certified mail with a request for waiver of service, as permitted under Fed. R. Civ. P. 4(d); (3)

25  mailing the Summons and Complaint to him in an envelope with no return address; and (4)

26  sending the service documents to the Cyprus Ministry of Justice & Public Order.  Process servers

27  did not find Lopin at the addresses available for him, no employee accepted service for him, and

28  the certified mail was returned to the sender unopened.

2

Plaintiffs have attempted to serve Radaris by: (1) personally delivering the Summons and Complaint on an employee of Radaris through a process server; (2) mailing the Summons and Complaint to him via certified mail with a request for waiver of service, as permitted under Fed. R. Civ. P. 4(d); (3) mailing the Summons and Complaint in an unmarked envelope with a request for waiver of service; and (4) researching possible alternative addresses and attempting personal service at those addresses.

Plaintiffs will be filing a motion requesting substituted service on the Boston Law Group for Radaris and Lopin, as well as notice by publication.  Plaintiffs also will be seeking Radaris America's default and moving for a default judgment.

**2)     MOTIONS**

Plaintiffs anticipate filing a Request for Entry of Default against Radaris America, and thereafter moving for default judgment.  Plaintiffs also anticipate filing a Motion for Alternative Service, requesting substitute service on the Boston Law Group for Radaris and Lopin, and also publication notice.  If Radaris and Lopin fail to respond to the Complaint or otherwise appear in the action after they are served, Plaintiffs anticipate seeking an entry of default and moving for default judgment.

**3)     AMENDMENT OF PLEADINGS**

Plaintiffs may amend the Complaint to add additional parties and/or claims.

**4)     EVIDENCE PRESERVATION**

Plaintiffs are aware of their duties regarding the preservation of discoverable information and agree to take reasonable measures to comply with those duties as required by the Federal Rules of Civil Procedure and Local Rules.  Plaintiffs have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.

Because Radaris America has not appeared in the action or responded to the Complaint, and has defaulted, no discovery has occurred or is anticipated to occur.

**5)     DISCLOSURES**

Radaris America has not responded to the Complaint or otherwise appeared in the action, and no disclosures have been exchanged.  If Radaris and Lopin appear and defend the action

3

1  following alternative service on them, Plaintiffs intend to seek to exchange disclosures as soon as
2  practicable.

3  **6)     DISCOVERY**

4  Radaris America has not responded to the Complaint or otherwise appeared in the action,
5  and neither party has served discovery.  At present, no changes to the limitations on discovery
6  imposed by the Federal Rules of Civil Procedure or Local Rules need to be made.

7  If Radaris and Lopin appear and defend the action following alternative service on them,
8  Plaintiffs intend to seek full discovery as soon as practicable.

9  **7)     CLASS ACTIONS**

10  Plaintiffs believe that given the status of service on Radaris and Lopin, it is premature to set
11  class certification briefing dates.  Following entry of Radaris America's default, Plaintiffs will move
12  for default judgment, including establishing the requirements for class certification.  If Radaris and
13  Lopin default following service, Plaintiffs anticipate moving for their default judgment as well,
14  including establishing the class requirements.

15  **8)     RELATED CASES**

16  Plaintiffs are not aware of related cases pending in federal court; Plaintiffs are aware of one
17  action filed in the Superior Court of California for the County of Los Angeles:  *John Doe v. Radaris,*
18  *LLC, et al*., Case No. BC544146.

19  **9)     SETTLEMENT AND ADR**

20  Defendants indicated, through counsel, that they were agreeable to mediation in Boston, but
21  have since retreated from that position.

22  **10)     CONSENT TO MAGISTRATE JUDGE**

23  The parties do not consent to have a magistrate judge conduct all further proceedings,
24  including trial and entry of judgment.

25  **11)     OTHER REFERENCES**

26  The case is not suitable for reference to binding arbitration, a special master, or the Judicial
27  Panel on Multidistrict Litigation.

28  **12)     NARROWING OF ISSUES**

4

Plaintiffs are not currently aware of any issues that can be narrowed by agreement.

**13)      EXPEDITED TRIAL PROCEDURE**

Plaintiffs do not believe this case can be handled on an expedited basis with streamlined procedures.

**14)      SCHEDULING**

Given Defendants' status, Plaintiffs believe that it is premature to schedule pretrial dates.

**15)      OTHER MATTERS**

None at this time.

DATED:      May 29, 2015                    COUNSELONE, PC


By _____/s/_____
         Anthony J. Orshansky
         Justin Kachadoorian
         Attorneys for Plaintiffs and the Putative
         Class

## PROOF OF SERVICE BY UNITED STATES MAIL

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to this action.  My business address is 9301 Wilshire Blvd., Suite 650, Beverly Hills, CA 90210.

On May 29, 2015, I served the following document(s) described as:   **CASE MANAGEMENT STATEMENT** on the persons below as follows:

| | |
|---|---|
| Radaris America, Inc.<br>108 West 13th Street<br>Wilmington, DE 19801 | Radaris, LLC<br>1853 Commonwealth Ave.<br>Brighton, MA 02135 |
| Radaris America, Inc.<br>34 Washington St., Suite 201<br>Wellesley Hills, MA 02481 | Radaris, LLC<br>34 Washington Street, Suite 201<br>Wellesley Hills, MA 02481 |
| Edgar Lopin<br>1853 Commonwealth Ave.<br>Brighton, MA 02135 | *Courtesy Copy to:*<br>Matthew Shayefar, Esq.<br>Boston Law Group, PC<br>825 Beacon St., Suite 20<br>Newton Centre, MA 02459 |

I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐   deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

☒   placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

I am employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Beverly Hills, California.

☐   (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒   (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 29, 2015, at Beverly Hills, California.

Alexandria Kachadoorian                          */s/ Alexandria Kachadoorian*