ANTHONY J. ORSHANSKY, Cal. Bar No.199364
anthony@counselonegroup.com
ALEXANDRIA KACHADOORIAN, Cal. Bar No. 240601
alexandria@counselonegroup.com
JUSTIN KACHADOORIAN, Cal. Bar No. 260356
justin@counselonegroup.com
COUNSELONE, P.C.
9301 Wilshire Boulevard, Suite 650
Beverly Hills, California 90210
Telephone: (310) 277-9945
Facsimile: (424) 277-3727

Attorneys for Plaintiffs JOHN HUEBNER and IRMIN LANGTON, on behalf of themselves and others similarly situated

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HUEBNER and IRMIN LANGTON, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RADARIS, LLC, a Massachusetts limited liability company; RADARIS AMERICA, INC., a Delaware corporation; and EDGAR LOPIN, an individual,<br><br>Defendants. | Case No. 3:14-cv-04735-VC<br><br>[Assigned to the Honorable Vince Chhabria]<br><br>**CLASS ACTION**<br><br>**DECLARATION OF ANTHONY J. ORSHANSKY IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR AN ORDER AUTHORIZING SERVICE OF SUMMONS AND COMPLAINT BY ALTERNATIVE MEANS** |

Case No. 3:14-cv-04735-VC
Declaration of Anthony J. Orshansky in Support of
Plaintiffs' Administrative Motion for an Order Authorizing
Service of Summons and Complaint by Alternative Means

**Declaration of Anthony J. Orshansky**

I, Anthony J. Orshansky, declare:

1. I am a competent adult over the age of eighteen and counsel of record for plaintiffs John Huebner and Irmin Langton ("Plaintiffs") in the above-captioned action. The following is based upon my personal knowledge, and if called as a witness I could and would competently testify thereto.

2. Plaintiffs' Complaint names three defendants: Radaris America, Inc. ("Radaris America"), Radaris, LLC ("Radaris, LLC"), and Edgar Lopin ("Lopin") (together, "Defendants").

3. Defendant Radaris America was served with process on November 7, 2014. [Dkt. No. 18.]

4. Radaris America has not responded to the Complaint or otherwise appeared in the action, and has been in default since December 1, 2014. Plaintiffs intend to request entry of Radaris America's default.

5. In January 2015, after Radaris America's default and while Plaintiffs were attempting to serve Radaris, LLC and Mr. Lopin, Plaintiffs were contacted by attorneys Val Gurvits, Esq., and Matthew Shayefar, Esq., of the Boston Law Group, P.C., located in Boston, Massachusetts, purportedly representing all three Defendants. The attorneys requested an extension of time to respond to the Complaint. They also advised that Defendants wanted to mediate the case, and engaged in discussions regarding the place for mediation and potential mediators, requesting that mediation occur in Boston with a U.S. magistrate judge. I also notified Messrs. Gurvits and Shayefar about the Case Management Conference (CMC) scheduled to take place on March 31, 2015, and arranged with the Court for both parties' counsel to appear by telephone. Attached hereto as Exhibit A are true and correct copies of emails between my office and the Boston Law Group regarding this matter.

6. On March 31, 2015, the morning of the CMC, Mr. Shayefar emailed me that the Boston Law Group would not appear at the CMC on Defendants' behalf in this matter. He explained that while he believed Boston Law Group was being retained, Defendants were rethinking the costs involved in defending the action, but might still be agreeable to mediation in Boston. Attached

1

Case No. 3:14-cv-04735-VC
Declaration of Anthony J. Orshansky in Support of Plaintiffs' Administrative Motion for an Order Authorizing Service of Summons and Complaint by Alternative Means

1  hereto as Exhibit B are true and correct copies of emails between my office and the Boston Law
2  Group regarding this matter.

3     7.   When Plaintiffs inquired whether the Boston Law Group could accept service of
4  process on April 3, 2015, Messrs. Gurvits and Shayefar abruptly changed their position.  They now
5  claimed they had not been retained, only represented Defendants in the past, had no way to presently
6  contact Defendants, were not authorized to accept service, though they somehow knew that Mr.
7  Lopin may be in Russia.  *See* Ex. B.  When my office asked Messrs. Gurvits and Shayefar what
8  information led them to believe Mr. Lopin was in Russia, they did not respond.  *Id.*

9     8.   Edgar Lopin is sued as an individual, but in his capacity as resident agent of Radaris,
10 LLC and Radaris America, Inc.  The addresses associated with him as resident agent is 1853
11 Commonwealth Avenue, Brighton, Massachusetts.  He is also listed as the business manager, with
12 an address in Nicosia, Cyprus.  Attached hereto as Exhibit C is a true and correct copy of the
13 Massachusetts Secretary of the Commonwealth website for Radaris, LLC.

14     9.   Plaintiffs have attempted to serve Mr. Lopin by: (1) personally delivering the
15 Summons and Complaint to him through a process server; (2) leaving the Summons and Complaint
16 with an employee of Radaris, LLC or Radaris America; and (3) mailing the Summons and
17 Complaint to him via certified mail with a request for waiver of service, as permitted under Fed. R.
18 Civ. P. 4(d).  The process servers did not find Mr. Lopin at the addresses available for him, no
19 employee accepted service for him, and the certified mail was returned to the sender unopened.
20 Attached hereto as Exhibit D are true and correct copies of the non-service reports for Radaris and
21 Lopin.

22    10.   The addresses for Radaris, LLC are located in Massachusetts—*i.e.*,1853
23 Commonwealth Avenue, Brighton, Massachusetts, and 34 Washington Street, Suite 201, Wellesley,
24 Massachusetts.  *See* Ex. C.  Business information searches were conducted by Stephen Raheb at
25 Attorney Related Services, Inc., the first process server hired by my firm, identifying multiple
26 addresses, including those in the Summons.  Service was unsuccessful to all of these addresses.  *See*
27 Ex. D.

28    11.   Plaintiffs have attempted to serve Radaris, LLC by:  (1) personally delivering the

2

Case No. 3:14-cv-04735-VC
Declaration of Anthony J. Orshansky in Support of Plaintiffs' Administrative Motion for an Order
Authorizing Service of Summons and Complaint by Alternative Means

Summons and Complaint on an employee of Radaris through a process server; (2) mailing the Summons and Complaint to him via certified mail with a request for waiver of service, as permitted under Fed. R. Civ. P. 4(d); (3) mailing the Summons and Complaint in an unmarked envelope with a request for waiver of service; and (4) researching possible alternative addresses and attempting personal service at those addresses.

12. Personal service was attempted at the addresses identified as the places of business for Radaris, LLC and Mr. Lopin on the Secretary of the Commonwealth's website. Stephen Raheb at Attorney Related Services, Inc., the first process server hired by my firm, reported that they were unable to effect service of process on either Radaris, LLC or Mr. Lopin at one of the address identified in the Summons. *See* Ex. D.

13. The process servers reported that Radaris and Mr. Lopin are no longer at the address where service was attempted, and the tenants are unaware of their whereabouts. The process servers advised that, based on their research, Radaris may no longer be an active company. The process servers also performed a skip trace on Mr. Lopin in Massachusetts and did not locate him. *Id*. In January 2015, I retained a second process server named Cynthia Paris of Boston Process Servers LLC who also made multiple attempts to serve Lopin and Radaris, LLC. These attempts also were unsuccessful.

14. In April 2015, Plaintiffs also mailed by certified mail the Summons and Complaint (together with the other documents comprising the record in this action) to the addresses identified for Lopin and Radaris, LLC in Massachusetts; the mailed documents were returned to Plaintiffs unopened. Plaintiffs also attempted service with envelopes that did not identify Plaintiffs' counsel as the sender, with the return addressee blank, so that the packages would not be rejected upon seeing they were from a law firm. These latter envelopes have not been returned, but no acknowledgement of receipt and waiver of service was signed.

15. On April 21, 2015, Plaintiffs also sent the service package to the proper judicial authority in Cyprus, an alternate address for Mr. Lopin to his Massachusetts business address, pursuant to Hague Convention procedures. Attached hereto as Exhibit E is a true and correct copy of the postal receipt for registered mail to Cyprus. That process is still underway, and I have not yet

3

Case No. 3:14-cv-04735-VC
Declaration of Anthony J. Orshansky in Support of Plaintiffs' Administrative Motion for an Order Authorizing Service of Summons and Complaint by Alternative Means

1  received any communication from the Cyprus central authority, the Ministry of Justice & Public
2  Order.  Gaining the Cyprus justice ministry's approval and then having an international process
3  server serve the documents likely will take months.  This is a lengthy process, and may ultimately
4  may require translation to Greek, which could be cost prohibitive.

     I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

     Executed June 1, 2015, at Beverly Hills, California.

     _____/s/ _ *Anthony J. Orshansky* __
     Anthony J. Orshansky

4

Case No. 3:14-cv-04735-VC
Declaration of Anthony J. Orshansky in Support of Plaintiffs' Administrative Motion for an Order Authorizing Service of Summons and Complaint by Alternative Means