United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HUEBNER, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>RADARIS, LLC, et al.,<br><br>   Defendants. | Case No. 14-cv-04735-VC<br><br>**ORDER DENYING MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 19 |

  Huebner's administrative motion for alternative service is denied without prejudice.

  Huebner asks the Court to allow him to serve Radaris, LLC and Edgar Lopin through the attorneys from the Boston Law Group who initially contacted Huebner's attorney and asked for an extension of the deadline to respond to the complaint. Huebner argues that service on the attorneys is appropriate for two reasons. First, Huebner claims that the Boston Law Group attorneys were impliedly authorized to accept service on behalf of Radaris, LLC and Lopin. This is incorrect. "If agency to accept service of process is to be implied, it must be implied from all the circumstances accompanying the attorney's appointment which indicate the extent of authority the client intended to confer." *In re Focus Media Inc.*, 387 F,3d 1077, 1082 (9th Cir. 2004) (internal citation omitted). Here, all the Boston Law Group attorneys did was reach out to Huebner's attorney by email, indicate they were in the process of being engaged to represent the defendants, ask for an extension to respond to the complaint, and suggest that the defendants were open to mediation. When asked in a later email if they would accept service on behalf of the defendants, the Boston Law Group attorneys explicitly said they were not authorized to accept service, and in fact indicated that they had not been retained to represent the defendants in this suit and were no longer in touch with them. The actions by the Boston Law Group attorneys do not indicate they had implied authorization to accept service on behalf of Radaris, LLC and Lopin.

1         Second, in addition to arguing that the Boston Law Group attorneys had implied consent to receive service, Huebner also argues he should be permitted to serve the defendants through those attorneys under Fed. R. Civ. Pro. 4(f)(3). But this rule only applies to serving an individual in a foreign country, and Huebner has not shown that Lopin is in a foreign country. Huebner has merely indicated that Lopin has a Cyprus address in addition to a Massachusetts address. And even if Huebner was in a foreign country, it would still be inappropriate to allow service on the Boston Law Group attorneys for the reasons identified above. *See Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004) ("the decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court.").

          Finally, Huebner argues that if the Court does not allow service through the Boston Law Group attorneys, the Court should allow service by publication in *The Boston Globe*. But service by publication should be used only as a last resort and only after the plaintiff has shown exhaustive attempts to locate the defendant. *See, e.g.*, *Johnson v. Vuong*, 2014 WL 3853430, at *1 (E.D. Cal. Aug. 5, 2014) (allowing service of process through publication after the plaintiff made ten unsuccessful attempts to serve the defendant at the defendant's only known address); *Watts v. Crawford*, 10 Cal.4th 743, 749 n. 5, 42 Cal.Rptr.2d 81, 896 P.2d 807 (1995). Here, it is not clear that Huebner has made the necessary effort to serve Lopin and Radaris, LLC such that it should be allowed to serve them via publication.

          Accordingly, Huebner's motion for alternative service is denied without prejudice to refiling once it has undergone more exhaustive attempts to appropriately serve Lopin and Radaris, LLC.

**IT IS SO ORDERED.**

Dated: June 16, 2015

_____
VINCE CHHABRIA
United States District Judge