1  ANTHONY J. ORSHANSKY, Cal. Bar No. 199364
   anthony@counselonegroup.com
2  ALEXANDRIA R. KACHADOORIAN, Cal. Bar. No. 240601
   alexandria@counselonegroup.com
3  JUSTIN KACHADOORIAN, Cal. Bar No. 260356
   justin@counselonegroup.com
4  COUNSELONE, P.C.
   9301 Wilshire Boulevard, Suite 650
5  Beverly Hills, California 90210
   Telephone: (310) 277-9945
6  Facsimile: (424) 277-3727

7  Attorneys for Plaintiffs JOHN HUEBNER and IRMIN LANGTON,
   on behalf of themselves and others similarly situated

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HUEBNER and IRMIN LANGTON, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RADARIS, LLC, a Massachusetts limited liability company; RADARIS AMERICA, INC., a Delaware corporation; and EDGAR LOPIN, an individual,<br><br>Defendants. | Case No. 3:14-cv-04735-VC<br><br>[Assigned to the Honorable Vince Chhabria]<br><br>**[CLASS ACTION]**<br><br>**RENEWED ADMINISTRATIVE MOTION FOR AN ORDER AUTHORIZING SERVICE OF SUMMONS BY PUBLICATION (L.R. 7-11)** |

| | |
|---|---|
| 1 | Plaintiffs John Huebner and Irmin Langton ("Plaintiffs") make this renewed administrative motion under L.R. 7-11 [*see* Dkt. No. 16] for an order authorizing service of the Summons and Complaint on Defendants Radaris, LLC and Edgar Lopin by publication in *The Boston Globe*, which is a newspaper of general circulation that is most likely to give notice to Defendants because it circulates in the area of Defendants' last known address, *i.e.*, Boston, Massachusetts. |

Plaintiffs John Huebner and Irmin Langton ("Plaintiffs") make this renewed administrative motion under L.R. 7-11 [*see* Dkt. No. 16] for an order authorizing service of the Summons and Complaint on Defendants Radaris, LLC and Edgar Lopin by publication in *The Boston Globe*, which is a newspaper of general circulation that is most likely to give notice to Defendants because it circulates in the area of Defendants' last known address, *i.e.*, Boston, Massachusetts.

This Renewed Motion is made under Fed. R. Civ. P., Rule 4(e)(1) and (h)(1)(A), and Cal. Code of Civ. Pro. § 415.50(a), on the grounds that Plaintiffs have stated a cause of action against the un-served Defendants, as shown by the Complaint on file, who cannot with reasonable diligence be found and served in any other manner specified in California Code of Civil Procedure.

Plaintiffs also respectfully request leave from the Court to file the following memorandum of points and authorities, which exceeds the page-limit requirements under L.R. 7-11(a), because the exposition of the matters discussed therein may assist the Court in the fair and just determination of the instant Motion.

This Renewed Motion is based upon the attached memorandum of points and authorities, the declaration filed concurrently with this application, the attached exhibits, all other papers filed with the Court, and such other matters as the Court may deem proper.

DATED: September 22, 2015                              COUNSELONE, PC

By  */s/ Anthony J. Orshansky*
    Anthony J. Orshansky
    Alexandria R. Kachadoorian
    Justin Kachadoorian
    Attorneys for Plaintiffs and the Putative Class

## I. INTRODUCTION

By this Renewed Motion, plaintiffs John Huebner and Irmin Langton (together, "Plaintiffs") respectfully request that the Court grant them leave to publish the Summons and Complaint by publication in *The Boston Globe*, which is a newspaper of general circulation that is most likely to give notice to Defendants because it circulates in the area of Defendants' last known address, *i.e.*, Boston, Massachusetts.

This Motion is also made under Fed. R. Civ. P., Rule 4(e)(1) and (h)(1)(A), and Cal. Code of Civ. Pro. § 415.50(a), on the grounds that Plaintiffs have stated a cause of action against the unserved Defendants, as shown by the Complaint on file, who cannot with reasonable diligence be found and served in any other manner specified in California Code of Civil Procedure.

Plaintiffs previously moved for service by publication in June 2015. [Dkt No. 24]. The Court denied that motion without prejudice, stating that Plaintiffs may refile "once it has undergone more exhaustive attempts to appropriately serve Lopin and Radaris." [Dkt No. 24 at 2:19-20.] The Court noted that service by publication is appropriate "only after the plaintiff has shown exhaustive attempts to locate the defendant. *See, e.g., Johnson v. Vuong*, 2014 WL 3853430, at *1 (E.D. Cal. Aug. 5, 2014) (allowing service of process through publication after the plaintiff made ten unsuccessful attempts to serve the defendant at the defendant's only known address); *Watts v. Crawford*, 10 Cal.4th 743, 749 n. 5, 42 Cal.Rptr.2d 81, 896 P.2d 807 (1995)." [Dkt No. 24 at 2:12-18.]

Plaintiffs have now undertaken exhaustive attempts to locate and personally serve Lopin and Radaris, LLC. These extensive efforts have been unsuccessful. Therefore service by publication is now appropriate.

## II. BACKGROUND

Plaintiffs' Complaint names three defendants: Radaris America, Inc., Radaris, LLC, and Edgar Lopin—two related companies and their principal. Plaintiffs served Radaris America, Inc., through personal service in November 2014, but it failed to file a responsive pleading, and on June 3, 2015, the clerk entered its default. [Dkt. No. 22.] Defendants Radaris, LLC and the principal of both defendant companies, Edgar Lopin ("Lopin"), have refused to accept service by personal

2

service through a process server or service by certified mail and waiver. (Orshansky Decl. ¶ 4.) Radaris America and Radaris, LLC are affiliates with the same owner and principal, Lopin. (*Id.*)

Plaintiffs have attempted personal service at all available addresses for these defendants, those identified on the Massachusetts Secretary of State website and those located through research by the process server and counsel. (*Id.* at ¶ 5.) Some of the addresses located for Radaris, LLC appear to be no longer valid. (*Id.*) Certified mail sent to the presumably-valid addresses for Radaris, LLC and Lopin were returned to Plaintiffs unopened. (*Id.*) Plaintiffs also attempted sending the service packages without identifying Plaintiffs' counsel as sender; these documents were not returned, but it cannot be determined whether they were accepted. (*Id.*)

In February 2015, after Radaris America's default and while Plaintiffs were attempting to serve Radaris and Lopin, Plaintiffs were contacted by attorneys, the Boston Law Group, located in Boston, purportedly representing all three Defendants. (*Id.* at ¶ 6.) The attorneys requested an extension of time to respond to the Complaint. (*Id.*) They also advised that Defendants wanted to mediate the case, and engaged in discussions regarding the place for mediation and potential mediators: ***"Our client has agreed to mediate this case in Boston in May, preferably before a US Magistrate Judge. Please let us know if this is acceptable to you and we will begin preparations."*** (*Id.*)

Plaintiffs notified the Boston attorneys of the first Case Management Conference ("CMC"), and Plaintiffs sent them the Case Management Statement and arranged for their telephonic participation at the CMC. (*Id.* at ¶ 7.) On March 31, 2015, the morning of the CMC, the Boston attorneys advised that they would not appear on Defendants' behalf in this matter. (*Id.*) They explained that while they believed the Boston Law Group was being retained, Defendants were rethinking the costs involved in defending the action, but might still be agreeable to mediation in Boston. (*Id.* at ¶ 8.) When Plaintiffs inquired whether the Boston Law Group could accept service of process on April 3, 2015, the attorneys completely changed position. (*Id.* at ¶ 9.) The Boston Law Group now claimed they had not been retained, only represented Defendants in the past, that they had no way to presently contact Defendants, and that they were not authorized to accept service, though they somehow knew that Lopin may be in Russia. (*Id.*)

3

The facts point to one obvious conclusion—Defendants Radaris and Lopin are evading service. The discussions and emails between Plaintiffs' counsel from February 2015 through March 31, 2015 show that Defendants are aware of the lawsuit and have been in contact with the Boston Law Group. Apprising Defendants of the lawsuit and need to defend it is not an issue. All that is needed is a formal mechanism to bring the two un-served defendants (Radaris, LLC and Lopin) before the Court to proceed with this action.

Plaintiffs have engaged in diligent efforts to serve the other two named defendants, Radaris, LLC and Edgar Lopin, by all appropriate means, as described in Plaintiffs' Motion for Service by Alternative Means, previously filed herein. [Dkt. No. 19.] The Court denied that motion without prejudice. [Dkt. No. 24.] Since then Plaintiffs have directed their process servers to make additional efforts to locate and serve these defendants and have obtained detailed non-service reports documenting the repeated attempts to serve these defendants. (*See* Orshansky Decl., *passim.*) Accordingly, Plaintiffs respectfully request that the court permit service by publication.

### III. ARGUMENT

#### A. Standards Governing Service of Process

Federal Rule of Civil Procedure 4 governs service of process. With respect to individuals, service can be made by: "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

With respect to businesses like Radaris, LLC service can be made: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . ." Fed. R. Civ. P.

4(h).

**B. Plaintiffs Have Exhausted Efforts At Traditional Service Of Process.**

Edgar Lopin is sued as an individual but in his capacity as resident agent of Radaris, LLC and Radaris America, Inc. (*See* Orshansky Decl. ¶ 18, Ex. C.) The address associated with him as resident agent is 1853 Commonwealth Avenue, Brighton, Massachusetts. (*Id.*) He is also listed as the business manager, with an address in Nicosia, Cyprus. (*Id.*) Plaintiffs have attempted to serve Lopin by: (1) personally delivering the Summons and Complaint to him through a process server; (2) leaving the Summons and Complaint with an employee of Radaris, LLC or Radaris America; (3) mailing the Summons and Complaint to him via certified mail with a request for waiver of service, as permitted under Fed. R. Civ. P. 4(d); and (4) mailing the Summons and Complaint in an unmarked envelope with a request for waiver of service. Process servers did not find Lopin at the addresses available for him, no employee accepted service for him, and the certified mail was returned to the sender unopened. Orshansky Decl., Ex. D.

The addresses for Radaris, LLC are located in Massachusetts—*i.e.*, 1853 Commonwealth Avenue, Brighton, Massachusetts, and 34 Washington Street, Suite 201, Wellesley, Massachusetts. (*Id.* at ¶ 12.) Plaintiffs have attempted to serve Radaris, LLC by: (1) personally delivering the Summons and Complaint on an employee of Radaris through a process server; (2) mailing the Summons and Complaint to Radaris, LLC via certified mail with a request for waiver of service, as permitted under Fed. R. Civ. P. 4(d); (3) mailing the Summons and Complaint in an unmarked envelope with a request for waiver of service; and (4) researching possible alternative addresses and attempting personal service at those addresses. (*Id.* at ¶ 13.) These service attempts were unsuccessful. (Orshansky Decl., Ex. E.)

**C. Plaintiffs Have Satisfied The Criteria For Service By Publication.**

Federal Rule of Civil Procedure 4(e) and 4(h) permit service on businesses and individuals as provided by the law of the forum state, here California. California permits service by publication. Cal. Civ. Proc. Code § 415.50(a) ("A summons may be served by publication if upon affidavit it appears to the means: [A] thorough, systematic satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner

5

specified . . . and that . . . (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action."). "As a condition of establishing that the party to be served cannot with reasonable diligence be served in another manner specified in this article, the court may not require that a search be conducted of public databases where access by a registered process server to residential addresses is prohibited by law or by published policy of the agency providing the database, including, but not limited to, voter registration rolls and records of the Department of Motor Vehicles." Cal. Code Civ. Proc. § 415.50(e).

"A plaintiff has the burden to establish 'reasonable diligence' in attempting service by other methods." *Johnson v. Vuong*, No. 2:14-CV-0709 KJM-DAD, 2014 WL 3853430, at *1 (E.D. Cal. Aug. 5, 2014) (citing *Olvera v. Olvera*, 232 Cal. App. 3d 32, 42 (1991)). "Reasonable diligence" means a thorough, systematic investigation and inquiry conducted in good faith.

> A number of 'honest attempts to learn defendant's whereabouts or address by inquiry of relatives, friends, and acquaintances, or of an employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. … However, the showing of diligence in a given case must rest on its own facts and no single formula nor mode of search can be said to constitute due diligence in every case.

*Id.* (plaintiff showed reasonable diligence by having "searched various databases and learned that defendant Vuong 'had only one listed possible current mailing address,'" had made "about ten unsuccessful attempts to serve defendant Vuong at that address," and had "mailed a notice and acknowledgment receipt of summons and complaint to the same address") (quoting *Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1136-38 (1996) ("The only method of service under California law which does not require the transmission of documents abroad, and consequently does not implicate the Hague Service Convention, is service of summons by publication where the party's address remains unknown during the publication period despite the exercise of reasonable diligence.")); *accord*, *Bd. of Trustees of Leland Stanford Junior Univ. v. Ham*, 216 Cal. App. 4th 330, 338 (2013).

Federal courts permit service through publication. *See*, *e.g.*, *Secs. Exch. Comm'n v. Tome*, 833 F.3d 1086, 1093 (2d Cir. 1987) ("Publication of the complaint and summons in the International Herald Tribune was 'reasonably calculated' to notify the unidentified purchasers . . . of the suit

6

Case No. 3:14-cv-04735-VC
Renewed Administrative Motion For An Order Authorizing
Service Of Summons By Publication

against them"). Before "authorizing service by publication, courts have required that the defendant be aware of the suit and claims against them." *Id.* (authorizing publication where "Defendant is aware of this suit and the claims against him") (citing *Rio Props.*, 284 F.3d at 1016, *Tome*, 833 F.3d at 1093-94, and *BP Prods.*, 236 F.R.D. at 272); *In re Maxon Eng'g Servs., Inc.*, 418 B.R. 653, 666 (D. P.R. 2009) ("Applying Rule 4(f)(3) and its predecessor, trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, e-mail").

Plaintiffs have been far more than "reasonably diligent" in attempting to locate and personally serve Lopin and Radaris LLC. In fact, Plaintiffs have gone to great efforts to attempt to personally serve these Defendants. Plaintiffs' process servers have made many repeated attempts to serve Radaris, LLC and Edgar Lopin, including the following:

- On or about January 16, 2015, process servers attempted to serve Lopin and Radaris, LLC at the address listed with the Massachusetts Secretary of the Commonwealth, 1853 Commonwealth Avenue, Brighton, Massachusetts. The process server reported that Defendants were not listed in the building's office directory and that the other tenants did not know Defendants. (Orshansky Decl. ¶ 15.)

- The process server conducted a skip trace on Lopin in Massachusetts and did not locate anything regarding him. (*Id.* at ¶ 15.)

- Process servers also attempted to serve Radaris LLC at both the 1853 Commonwealth Avenue, Brighton, Massachusetts address, as well as at another address identified for that entity, 34 Washington Street, Suite 201, Wellesley Hills, Massachusetts, but neither Radaris LLC nor Lopin was at either address. (*Id.* at ¶¶ 11, 12.)

- On June 18, 2015, the process server performed a skip trace on both Lopin and Radaris. The skip traces did not locate any additional addresses for either defendant. (*Id.* at ¶ 18.)

- Additionally, on June 18, 2015, the process server conducted a public records search of real property in Massachusetts under Lopin's name and found nothing. (*Id.*, Ex. B.)

- On June 19, 2015, the process server also submitted a written request to the U.S. postmaster to perform a postal search for a forwarding address for Radaris and Lopin, but none was

7

Case No. 3:14-cv-04735-VC
Renewed Administrative Motion For An Order Authorizing
Service Of Summons By Publication

1 found. (*Id.*)
- No directories or other information referenced Lopin or Radaris at either location set forth above where service was attempted. (*Id.*)
- At the Brighton address, the process server inquired about Defendants from maintenance personnel and from all other tenants located in the same facility, and none had any information regarding Lopin or Radaris, LLC. (*Id.*)
- The Wellesley address is a large professional business building. The directory states that Unipoint Technologies occupies the address located for Radaris, LLC. Building personnel were not able to provide any information about Radaris, LLC and Lopin and office personnel to which the process server spoke were emphatic that Radaris, LLC was not at that building. (*Id.*)
- Attempts at personal service were made on six different days between June and July 2015: June 18, 22, 24, 26, 30, and July 7. Moreover, two service attempts were made each day. ***Thus, <u>a total of 12 service attempts were made in June and July 2015</u>***. (*Id.*)

Plaintiffs now have exhausted every possible avenue for personal service. Lopin and Radaris are evading service. They are well aware of the case and the need to defend it, indeed going so far as to preliminarily retain counsel to contact Plaintiffs to attempt to resolve the case. Radaris America also was properly served, and because Radaris, LLC and Radaris America are commonly controlled by Lopin, all named defendants are aware of the lawsuit. While skip traces have not located Radaris, LLC or Lopin in Massachusetts, the use of Boston legal counsel to contact Plaintiffs and the request to mediate in Boston suggest that Lopin, and any other individuals affiliated with Radaris, LLC remain in the Boston area. Accordingly, publication of service in the *Boston Globe* is calculated to reach these Defendants.

///
///
///
///
///

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to serve the Summons in this action through publication in the *Boston Globe*.

Respectfully submitted,

DATED: September 22, 2015   COUNSELONE, PC

By  */s/ Anthony J. Orshansky*
Anthony J. Orshansky
Alexandria Kachadoorian
Justin Kachadoorian
Attorneys for Plaintiffs and the Putative Class