ANTHONY J. ORSHANSKY, Cal. Bar No. 199364
anthony@counselonegroup.com
JUSTIN KACHADOORIAN, Cal. Bar No. 260356
justin@counselonegroup.com
COUNSELONE, P.C.
9301 Wilshire Boulevard, Suite 650
Beverly Hills, California 90210
Telephone: (310) 277-9945
Facsimile: (424) 277-3727

Attorneys for Plaintiffs JOHN HUEBNER and IRMIN LANGTON, on behalf of themselves and others similarly situated

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HUEBNER and IRMIN LANGTON, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RADARIS, LLC, a Massachusetts limited liability company; RADARIS AMERICA, INC., a Delaware corporation; and EDGAR LOPIN, an individual,<br><br>Defendants. | Case No. 3:14-cv-04735-VC<br><br>[Assigned to the Honorable Vince Chhabria]<br><br>**CLASS ACTION**<br><br>**DECLARATION OF ANTHONY J. ORSHANSKY IN SUPPORT OF RENEWED ADMINISTRATIVE MOTION FOR AN ORDER AUTHORIZING SERVICE OF SUMMONS BY PUBLICATION (Civil L.R. 7-11)** |

**Declaration of Anthony J. Orshansky**

I, Anthony J. Orshansky, declare:

1. I am a competent adult, over the age of eighteen and counsel of record for plaintiffs John Huebner and Irmin Langton ("Plaintiffs") in the above-captioned action. The following is based upon my personal knowledge, and if called as a witness I could and would competently testify thereto.

2. Plaintiffs' Complaint names three defendants: Radaris America, Inc. ("Radaris America"), Radaris, LLC ("Radaris, LLC"), and Edgar Lopin ("Lopin") (together, "Defendants").

3. Plaintiffs served Radaris America, Inc., through personal service in November 2014, but it failed to file a responsive pleading, and on June 3, 2015, the clerk entered its default. [Dkt. No. 22.]

4. Defendants Radaris, LLC and the principal of both defendant companies, Edgar Lopin, have refused to accept service by personal service through a process server or service by certified mail and waiver. Radaris America and Radaris, LLC are affiliates with the same owner and principal, Lopin.

5. Plaintiffs have attempted personal service at all available addresses for these Defendants, those identified on the Massachusetts Secretary of State website and those located through research by the process server and counsel. Some of the addresses located for Radaris, LLC appear to no longer be valid. Certified mail sent to the presumably-valid addresses for Radaris, LLC and Lopin were returned to Plaintiffs unopened. Plaintiffs also attempted sending the service packages without identifying Plaintiffs' counsel as sender. These documents were not returned, but it cannot be determined whether they were accepted.

6. In February 2015, after Radaris America's default and while Plaintiffs were attempting to serve Radaris, LLC and Lopin, Plaintiffs were contacted by attorneys, the Boston Law Group, located in Boston, purportedly representing all three Defendants. The attorneys requested an extension of time to respond to the Complaint. They also advised that Defendants wanted to mediate the case, and engaged in discussions regarding the place for mediation and potential mediators: "Our client has agreed to mediate this case in Boston in May, preferably before a US

Magistrate Judge.  Please let us know if this is acceptable to you and we will begin preparations."

7. Plaintiffs notified the Boston attorneys of the first Case Management Conference ("CMC") in this action, and Plaintiffs sent them the Case Management Statement and arranged for their telephonic participation at the CMC.  On March 31, 2015, the morning of the CMC, the Boston attorneys advised that they would not appear on Defendants' behalf in this matter.

8. They explained that while they believed the Boston Law Group was being retained, Defendants were rethinking the costs involved in defending the action but might still be agreeable to mediation in Boston.

9. When Plaintiffs inquired whether the Boston Law Group could accept service of process on April 3, 2015, the attorneys completely changed position.  The Boston Law Group now claimed they had not been retained, only that they had represented Defendants in the past, that they had no way to presently contact Defendants, and that they were not authorized to accept service, though they somehow knew that Lopin may be in Russia.

10. Edgar Lopin is sued as an individual but in his capacity as resident agent of Radaris, LLC and Radaris America, Inc.  Radaris, LLC's address with the Massachusetts secretary of the commonwealth is 1853 Commonwealth Avenue, Brighton, Massachusetts.  The address associated with Lopin as resident agent for Radaris, LLC and Radaris America is 1853 Commonwealth Avenue, Brighton, Massachusetts.  Lopin also is listed as the business manager, with an address in Nicosia, Cyprus.  Attached hereto as Exhibit A is a true and correct copy of the Massachusetts Secretary of the Commonwealth website for Radaris, LLC.

11. Plaintiffs have attempted to serve Lopin by:  (1) personally delivering the Summons and Complaint to him through a process server; (2) leaving the Summons and Complaint with an employee of Radaris, LLC or Radaris America; and (3) mailing the Summons and Complaint to him via certified mail with a request for waiver of service, as permitted under Fed. R. Civ. P. 4(d).  The process servers did not find Lopin at the addresses available for him, no employee accepted service for him, and the certified mail was returned to the sender unopened.  Attached hereto as Exhibit B are true and correct copies of the non-service reports for Radaris, LLC and Lopin.

///

2

12. The addresses for Radaris, LLC are located in Massachusetts—*i.e.*, 1853 Commonwealth Avenue, Brighton, Massachusetts, and 34 Washington Street, Suite 201, Wellesley, Massachusetts. *See* Ex. A. Business information searches were conducted by Stephen Raheb at Attorney Related Services, Inc., the first process server hired by my firm, identifying multiple addresses, including those in the Summons. Service was unsuccessful to all of these addresses. *See* Ex. B.

13. Plaintiffs have attempted to serve Radaris, LLC by: (1) personally delivering the Summons and Complaint on an employee of Radaris, LLC through a process server; (2) mailing the Summons and Complaint to him via certified mail with a request for waiver of service, as permitted under Fed. R. Civ. P. 4(d); (3) mailing the Summons and Complaint in an unmarked envelope with a request for waiver of service; and (4) researching possible alternative addresses and attempting personal service at those addresses.

14. Personal service was attempted at the addresses identified as the places of business for Radaris, LLC and Lopin on the Secretary of the Commonwealth's website. Stephen Raheb at Attorney Related Services, Inc., the first process server hired by my firm, reported that they were unable to effect service of process on either Radaris, LLC or Lopin at one of the address identified in the Summons. *See* Ex. B.

15. The process servers reported that Radaris and Lopin are no longer at the address where service was attempted, that neither defendant was listed in the building's office directory, and the tenants are unaware of their whereabouts. The process servers advised that, based on their research, Radaris may no longer be an active company. The process servers also performed a skip trace on Lopin in Massachusetts and did not locate him. *Id*.

16. In January 2015, I retained a second process server named Boston Process Servers LLC who also made multiple attempts to serve Lopin and Radaris, LLC. These attempts also were unsuccessful.

17. I have engaged in diligent efforts to serve the other two named defendants, Radaris, LLC and Lopin, by all appropriate means, as described in Plaintiffs' Motion for Service by Alternative Means, previously filed herein. [Dkt. No. 19.] The Court denied that motion without

1  prejudice.  [Dkt. No. 24.]

2  18. Since then I have directed my process servers to make additional efforts to locate and
3  serve these defendants and have obtained detailed non-service reports documenting the repeated
4  attempts to serve these defendants.  (*See* Exh. B hereto.)  These efforts included second skip traces
5  on both Lopin and Radaris, LLC and approximately 12 attempts to serve Lopin and Radaris, LLC
6  at multiple addresses over the course of a six day period in June 2015.

7  I declare under penalty of perjury under the laws of the United States and the State of
8  California that the foregoing is true and correct.

9  Executed September 22, 2015.

_____/s/ _ *Anthony J. Orshansky* __
Anthony J. Orshansky