UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HUEBNER, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>RADARIS, LLC, et al.,<br><br>       Defendants. | Case No.  14-cv-04735-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR CLASS CERTIFICATION**<br><br>Re: Dkt. No. 37 |

A party seeking certification "bears the burden of demonstrating that he has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 724 (9th Cir. 2007).  Here, the plaintiffs have satisfied all four requirements of Rule 23(a) with respect to every claim except their false light claim.  With respect to every other claim, the Court finds that "the class is so numerous that joinder of all members is impracticable," Fed. R. Civ. P. 23(a)(1); *cf. Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); that "there are questions of law or fact common to the class," Fed. R. Civ. P. 23(a)(2), *cf. Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 417-19 (N.D. Cal. 2014); that the named plaintiffs' claims are typical of the claims of the class, *see* Fed. R. Civ. P. 23(a)(3); *see Hanlon*, 150 F.3d at 1020; and that the named plaintiffs and their counsel "will fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4); *see Hanlon*, 150 F.3d at 1020.  Commonality and typicality are lacking with respect to the false light claim, however, because the proposed California Subclass does not differentiate between people whose information Radaris has portrayed in a false light and people whose information Radaris has portrayed accurately.

Certification of the FCRA claims is appropriate under Rule 23(b)(2), because the defendants "ha[ve] acted or refused to act on grounds that apply generally to the class" – namely, by asserting that Radaris is not a consumer reporting agency subject to the statutory obligations imposed on such agencies.  Substantially the same analysis applies to the ICRAA, CCRAA, and UCL claims.

Additionally, certification of the proposed FCRA Class is appropriate under Rule 23(b)(3), because "the questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Cf. Ramirez*, 301 F.R.D. at 420-24.  On the FCRA claims, the key questions are whether Radaris is a consumer reporting agency and whether it complies with the statutory obligations imposed on consumer reporting agencies.  For the same reason, certification of the proposed California Subclass under Rule 23(b)(3) is appropriate as to the ICRAA claim.

Certification of the California Subclasses' CCRAA and UCL claims is inappropriate under Rule 23(b)(3), however, because monetary recovery under those statutes requires actual economic injury.  *Trujillo v. First Am. Registry, Inc.*, 68 Cal. Rptr. 3d 732, 736-40 (Ct. App. 2007).  This means that individual issues would predominate on those claims.  *See Ramirez*, 301 F.R.D. at 424-25.

Separately, Radaris also seems to have acted uniformly in all respects relevant to the plaintiffs' Civil Code § 3344 and common law misappropriation-of-likeness claims, so certification is appropriate under both Rule 23(b)(2) and Rule 23(b)(3) with respect to those claims.

Accordingly, the proposed FCRA Class is certified under both Rule 23(b)(2) and Rule 23(b)(3).  The proposed California Subclass is certified under Rule 23(b)(2) as to all state-law claims except the false light claim, and is additionally certified under Rule 23(b)(3) as to the ICRAA, Civil Code § 3344, and common law misappropriation-of-likeness claims.  The motion to certify is denied as to the false light claim.

As discussed at today's case management conference, the plaintiffs should submit a proposed Internet-based class notice plan and proposed class notice, along with a motion to approve them, by May 3.

**IT IS SO ORDERED.**

Dated: April 12, 2016

VINCE CHHABRIA
United States District Judge

3