ANTHONY J. ORSHANSKY, Cal. Bar No. 199364
anthony@counselonegroup.com
JUSTIN KACHADOORIAN, Cal. Bar No. 260356
justin@counselonegroup.com
COUNSELONE, P.C.
9301 Wilshire Boulevard, Suite 650
Beverly Hills, California 90210
Telephone: (310) 277-9945
Facsimile: (424) 277-3727

Attorneys for Plaintiffs JOHN HUEBNER and IRMIN LANGTON, on behalf of themselves and others similarly situated

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HUEBNER and IRMIN LANGTON, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RADARIS, LLC, a Massachusetts limited liability company; RADARIS AMERICA, INC., a Delaware corporation; and EDGAR LOPIN, an individual,<br><br>Defendants. | Case No. 3:14-cv-04735-VC<br><br>[Assigned to the Honorable Vince Chhabria]<br><br>**PLAINTIFFS' MOTION FOR AN ORDER APPROVING THE CLASS NOTICE PLAN** |

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B) and the Court's order granting in part and denying in part Plaintiff's Motion for Class Certification [DE 42], Plaintiffs move the Court for an order approving the class notice plan described herein.

In accordance with the class-certification order, the notice plan contemplates providing class members with Internet-based notice for a sixty (60) day period. During this time class members may opt out of the class if they choose. Plaintiffs have retained an online marketing consultant to advise them on the design and creation of the class-notice website and the implementation of the notice plan. The proposed class notice and supporting documents provide class members with sufficient information about this lawsuit and their option to remain in the class or opt out.

Because this is the best notice practicable under Rule 23(c)(2)(B), the Court should approve the proposed class plan and corresponding deadlines.

## II. CONTENT OF CLASS NOTICE

Federal Rule of Civil Procedure 23(c)(2)(B) mandates that for any class certified under Rule 23(b)(3) the Court must determine the best notice practicable under the circumstances. The notice must concisely and clearly state in plain, easily understood language each of the following:

- the nature of the action;
- the definition of the class certified;
- the class claims, issues or defenses;
- that a class member may enter an appearance through counsel if the member so desired,
- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and
- the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2).

Although no rigid standards govern the contents of notice to Class Members, the notice must "fairly apprise the prospective members of the Class of the [proceedings] and of the options that are open to them in connection with [the] proceedings," *Grunin v. International House of Pancakes*, 513 F.2d 114, 122 (8th Cir.), *cert. denied*, 423 U.S. 864, 96 S. Ct. 124 (1975), quoting *Philadelphia*

1

*Housing Authority v. American Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 378 (E.D. Pa. 1970), *aff'd sub nom, Ace Heating & Plumbing Co. v. Crane Co.*, 453 F.2d 30 (3d Cir. 1971).

Here, the contents of the proposed Notice are sufficient. Counsel will create a website dedicated to the certification of the Class. (Kachadoorian Decl. ¶ 2.) Plaintiffs' Internet-marketing consultant will acquire an appropriate URL for the website using some combination of the words "Radaris" and "class action." (*Id.*) Counsel will file a document titled "Notice of Publication of Class Notice" informing the Court of the URL of the website upon implementation of the class notice described herein (i.e., 30 days following the Court's approval of the notice plan). (*Id.*)

The Notice, which is attached to counsel's declaration as Exhibit A, will be the homepage of the website, which will appear with appropriate colors and borders to attract and retain Class Members' attention. (*Id.*) The homepage, along with each webpage hosted by the site, will include a menu listing the following categories:

- Dates and Deadlines
- Court Documents
- Frequently Asked Questions
- Contact

(*Id.* at ¶ 3.) Each of these categories will be hyperlinked to pages with corresponding information. The "Dates and Deadlines" will include the opt-out date. (*Id.*) The "Court Documents" page will post the Complaint and Class Certification Order. (*Id.*) The "Frequently Asked Questions" page will include information from the homepage with questions presented in a hyperlinked format. (*Id.*) And the "Contact" page will include Class Counsel's contact information. (*Id.*)

The Notice itself summarizes the allegations made in this lawsuit, provides a background of the procedural posture of the lawsuit, defines the Class and Subclass, explains Class Members' options, describes how to opt out of the Class, apprises Class Members of the deadline for opting out, explains that Class Members will be bound by any judgment if they do not opt out, and informs Class Members that they may retain their own counsel at their own expense to appear before the Court if they wish. (*Id.*, Exh. A.)

///

| | |
|---|---|
| 1 | Significantly, the Notice apprises Class Members that Defendants have defaulted, that no monetary recovery is yet available, and that future monetary recovery cannot be guaranteed. (*Id.*) *The* Notice also informs them that this lawsuit seeks only statutory damages and injunctive relief, not actual damages against Defendants. (*Id.*) The Notice instructs Class Members to carefully consider whether they could obtain greater relief before deciding whether to opt out. (*Id.*) |

Significantly, the Notice apprises Class Members that Defendants have defaulted, that no monetary recovery is yet available, and that future monetary recovery cannot be guaranteed. (*Id.*) *The* Notice also informs them that this lawsuit seeks only statutory damages and injunctive relief, not actual damages against Defendants. (*Id.*) The Notice instructs Class Members to carefully consider whether they could obtain greater relief before deciding whether to opt out. (*Id.*)

Class Members will be given sixty (60) days from the publication of the Notice to opt out, which they may do online by accessing a form hyperlinked to the Notice or by mailing their opt-outs to Class Counsel by the specified date. (Kachadoorian Decl. ¶ 4.) *See* Manual for Complex Litigation, Fourth, § 21.321 ("Courts usually establish a period of thirty to sixty days (or longer if appropriate) following mailing or publication of the notice for class members to opt out."). The online form will include fields within which Class Members must enter their name, address, and telephone number, and certify by means of a check-box that they wish to opt out of the Class. (Kachadoorian Decl. ¶ 4.)

In short, the proposed Notice satisfies all the requirements of Rule 23(c)(2)(B).

### III. MANNER OF SERVICE OF NOTICE

Federal Rule of Civil Procedure 23(c)(2)(B) requires the Court to direct to class members the best notice practicable under the circumstances. As previously discussed in Plaintiffs' Motion for Class Certification (DE 37), the best practicable notice in this case as the Court recognized in its certification order is Internet-based notice to Class Members.

As described above, Plaintiffs have retained an Internet-marketing consultant to create a website dedicated to providing Class Members with notice of certification. (Kachadoorian Decl. ¶ 5.) The objective of this notice plan is to achieve placement of the class-notice website on the first page of results returned from a Google search of "Radaris." (Kachadoorian Decl., Ex. C.) This will be accomplished through an ongoing Google Adwords campaign for the duration of the notice period (i.e., 60 days). (*Id.*)

Plaintiffs' counsel will also include a text box at the top of their existing website (www.radarisclassactionlawsuit.com) informing visitors that a class has been certified and embedding a hyperlink to the class-notice website. (Kachadoorian Decl. ¶ 6.) Further alteration of

1 this existing website is not advisable because the longevity of the website has resulted in high
2 placement in search results on Google using search terms like "radaris" and "lawsuit" or "radaris"
3 and "class action." (*Id.*) Indeed the website appears as the first hit in the search results on Google
4 when using these search terms. (*Id.*) Class Members who view this existing website will be directed
5 to the full class-notice website for further information.

6 Internet-based notice in this manner is permissible, especially where, as here, the offending
7 conduct has occurred entirely online and most, if not all, Class Members who have contacted Plaintiffs'
8 counsel visited counsel's website. *See, e.g.*, *Shurland v. Bacci Cafe & Pizzeria on Ogden, Inc.*, 271
9 F.R.D. 139, 147 (N.D. Ill. 2010) (suggesting posting of the class notice online along with other forms of
10 providing notice); *Boundas v. Abercrombie & Fitch Stores, Inc.*, 280 F.R.D. 408, 418 (N.D. Ill. 2012)
11 ("Notice also might be provided, among other places, on Abercrombie's website or at Abercrombie store
12 locations.").

13 As the Manual for Complex Litigation, Fourth, § 21.3111, advises, "If individual names or
14 addresses cannot be obtained through reasonable efforts, the court must, with counsel's assistance,
15 determine how to provide the best notice practicable under the circumstances. Alternative techniques
16 for providing notice include publication notice [and ] Internet notice[.]" The Manual continues, "Posting
17 notices on dedicated Internet sites, likely to be visited by class members and linked to more detailed
18 certification information, is a useful supplement to individual notice, might be provided at a relatively
19 low cost, and will become increasingly useful as the percentage of the population that regularly relies
20 on the Internet for information increases." *Id.*

21 Individual notice in this case is not possible because (a) Defendants' failure to respond to the
22 lawsuit has prevented Plaintiffs from obtaining Class Member contact information; (b) the contact
23 information Defendants have may be inaccurate (indeed one of Plaintiffs' allegations in this lawsuit is
24 that Radaris's information is dated or inaccurate); and (c) providing individual notice of every single
25 Class Member—numbering in the tens of millions, if not hundreds of millions—would be cost
26 prohibitive.

27 ///
28 ///

4

Case No. 3:14-cv-04735-VC
Plaintiffs' Motion for an Order Approving the Class Notice Plan

## IV. PROPOSED TIMELINE OF EVENTS

Plaintiffs' Internet-marketing consultant can implement the proposed notice plan within thirty (30) days of Court approval. Notice would continue for an additional sixty (60) days thereafter, during which time Class Members may opt out of the Class. Plaintiffs would file their motion for default judgment within forty-five (45) days of the opt-out deadline. This timeline is set forth in the table below:

| Event | Deadline |
| --- | --- |
| Publication of Internet-based Notice; Filing by Plaintiffs of "Notice of Publication of Class Notice" | No later than 30 days from Court order approving notice plan |
| Deadline to Submit Opt-outs | 60 days from publication of Internet notice |
| Deadline to File Motion for Default Judgment | 45 days from conclusion of notice period |

## V. CONCLUSION

In light of the foregoing, the Court should approve the form of the class notice and the manner of service to class members. Furthermore, the Court should approve the deadlines set forth in Section IV above.

Respectfully submitted,

DATED: May 3, 2016   COUNSELONE, PC


By */s/ Justin Kachadoorian*
Anthony J. Orshansky
Alexandria Kachadoorian
Justin Kachadoorian
Attorneys for Plaintiffs and the Putative Class