ANTHONY J. ORSHANSKY, Cal. Bar No. 199364
anthony@counselonegroup.com
JUSTIN KACHADOORIAN, Cal. Bar No. 260356
justin@counselonegroup.com
COUNSELONE, P.C.
9301 Wilshire Boulevard, Suite 650
Beverly Hills, California 90210
Telephone: (310) 277-9945
Facsimile: (424) 277-3727

Attorneys for Plaintiffs JOHN HUEBNER and IRMIN
LANGTON, on behalf of themselves and others similarly
situated

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HUEBNER and IRMIN LANGTON, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> RADARIS, LLC, a Massachusetts limited liability company; RADARIS AMERICA, INC., a Delaware corporation; and EDGAR LOPIN, an individual, <br><br> Defendants. | Case No. 3:14-cv-04735-VC <br><br> [Assigned to the Honorable Vince Chhabria] <br><br> **DECLARATION OF JUSTIN KACHADOORIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER APPROVING THE CLASS NOTICE PLAN** |

### Declaration of Justin Kachadoorian

I, Justin Kachadoorian, declare:

1.      I am a competent adult, over the age of eighteen, and one of the attorneys of record for plaintiffs John Huebner and Irmin Langton ("Plaintiffs") in the above-captioned action.  The following is based upon my personal knowledge, and if called as a witness I could and would competently testify thereto.

2.      Counsel will create a website dedicated to the certification of the Class.   The proposed Class Notice, which is attached hereto as Exhibit A, will be the homepage of the website, which will appear with appropriate colors and borders to attract and retain Class Member attention. Plaintiffs' Internet-marketing consultant will acquire an appropriate URL for the website using some combination of the words "Radaris" and "class action."   Counsel will file a Notice of Publication of Class Notice informing the Court of the URL of the website upon implementation.

3.      The homepage, and each webpage hosted by the site, will include a menu listing the following categories:

- Dates and Deadlines
- Court Documents
- Frequently Asked Questions
- Contact

Each of these categories will be hyperlinked to pages with corresponding information.  The "Dates and Deadlines" will include the opt-out date.  The "Court Documents" page will post the Complaint and Class Certification Order.  The "Frequently Asked Questions" page will include information from the homepage class notice with questions presented in a hyperlinked format.  (*See* Exh. B hereto.)  And the "Contact" page will include Class Counsel's contact information.

4.      Class Members will be given sixty (60) days from the publication of the Notice to opt out, which they may do online by accessing a form hyperlinked to the Notice or by mailing their opt-outs to Class Counsel by the specified date.  The online form will include fields within which Class Members must enter their name, address, and telephone number, and certify by means of a check-box that they wish to opt out of the Class.

5.      I have retained an Internet-marketing consultant, Den Bradshaw, to create a website dedicated to providing Class Members with notice of certification.  The objective of this notice plan is to achieve placement of the class-notice website on the first page of results returned from a Google search of "Radaris."  A true and correct copy of Mr. Bradshaw's website proposal is attached hereto as Exhibit C.  (Note:  Mr. Bradshaw's proposal incorrectly refers to the website as an opt-in/opt-out website.  In fact, the website will only process opt-outs.  Class Members wishing to remain in the Class do not need to opt in or take any action, as the Notice correctly states.)   This will be accomplished through an ongoing Google Adwords campaign for the duration of the notice period (i.e., 60 days).

6.      Plaintiffs' counsel will also include a text box at the top of their existing website (www.radarisclassactionlawsuit.com) informing visitors that a class has been certified and embedding a hyperlink to the class-notice website.  Further alteration of this existing website is not advisable because the longevity of the website has resulted in high placement in search results on Google using search terms like "radaris" and "lawsuit" or "radaris" and "class action."  Indeed the website appears as the first hit in the search results on Google when using these search terms.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed May 3, 2016.


*/s/ Justin Kachadoorian* _____
Justin Kachadoorian

# Exhibit A

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

# NOTICE OF CLASS CERTIFICATION

**If Your Name, Photograph, or Personal Information Appeared on Radaris.com at Any Time from October 24, 2010, to the Present, You May Be a Member of a Certified Class.**

*A court authorized this Notice.  It is not a solicitation from a lawyer.  You are not being sued.*

- A class action is pending in the United States District Court for the Northern District of California ("the Court") against Radaris, LLC, Radaris America, Inc., and Edgar Lopin (collectively, "Radaris").  The lawsuit alleges that Radaris violates state and federal laws regulating "consumer reports" and "investigative consumer reports."  These laws affect how certain business collect and disseminate your information, and impose obligations on correcting and removing inaccurate and old information.  The lawsuit also alleges that Radaris violated California law by using consumers' names, photographs, or likenesses without their consent.

- The Court decided that this lawsuit should proceed as a class action on behalf of a "Class," a group of people that could include you.  The Class consists of all persons in the United States who have had information relating to their credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living compiled and displayed by Radaris at any time from October 24, 2010, to the present.

- The Court has also certified a subclass consisting of all California residents whose names, photographs, or likenesses, or the names, photographs, or likenesses of their deceased personalities, Radaris has used on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services, without prior consent from the person or persons, at any time from October 24, 2010, to the present.

| YOUR RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| *Do Nothing* | **Stay in the lawsuit.  Await the outcome.  Share in possible benefits.  Give up certain rights.**<br><br>By doing nothing, you are choosing to stay in the Class.  You will be permitted to share in any recovery that may result from this lawsuit, but you will give up your rights to sue Radaris in a separate lawsuit for the claims made in this class action.  In addition, you will be bound by past and any future court rulings on the claims against Radaris. |
| *Ask to be Excluded* | **Get out of this lawsuit.  Get no benefits.  Retain your rights.**<br><br>If you opt out of the Class (meaning you say in writing that you do not want to be included in this lawsuit), you will not be entitled to any recovery that may result from this lawsuit, but you will not be bound by any past or future rulings against Radaris.  You will be free to pursue your own claims against Radaris on your own or as part of a different lawsuit. |

**THESE RIGHTS AND OPTIONS –
AND THE DEADLINES TO EXERCISE THEM –
ARE EXPLAINED IN THIS NOTICE**

| BASIC INFORMATION ABOUT THE LAWSUIT |
|---|

**1.  What is the lawsuit about?**

This lawsuit is about whether Radaris violated federal law regulating the collection and dissemination of personal information, commonly called background reports, and imposing obligations on businesses to correct or remove inaccurate and old information.  The law is called the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*

This lawsuit also alleges claims on behalf of a subclass of California residents against Radaris for violation of California law that imposes additional requirements on companies that prepare background reports on consumers.  These laws include the Investigative Consumer Reporting Agencies Act (ICRAA), Cal. Civ. Code § 1786 *et seq.*, and the Consumer Credit Reporting Agencies Act (CCRAA), Cal. Civ. Code § 1785 *et seq.*  On behalf of California residents the lawsuit also alleges statutory and common-law claims against Radaris for misappropriation of likeness arising from the use of consumers' names, photographs, or likenesses, or the names, photographs, or likenesses of their deceased relatives, on its website to sell its background reports and sell advertising space to online marketers.

**2.  What is a class action and who is involved?**

In a class action lawsuit, one or more people called "Plaintiffs" (here, John Huebner and Irmin Langton) sue on behalf of themselves and other people who have similar claims, who are called the "Class" or "Class Members."  Radaris, LLC, Radaris America, Inc., and Edgar Lopin are called the "Defendants."  One court resolves the issues for all Class Members—except for those who choose to exclude themselves.

**3.  What has happened in the lawsuit?**

On October 24, 2014, the Plaintiffs filed this lawsuit on behalf of a proposed class against the Defendants for violation of federal laws regulating background reports, and a California subclass for violation of similar California laws as well as statutory and common law privacy claims.  The Defendants have defaulted, which means they have not appeared to oppose the allegations.  On February 11, 2016, Plaintiffs moved to certify this action as a class action.  The Court granted in part and denied in part Plaintiff's motion on April 12, 2016.

**4.  What is the current status of the lawsuit?**

Because the Defendants have defaulted, they have admitted the allegations of the lawsuit.  The Plaintiffs will request the Court to enter a judgment against the Defendants.

**5.  What are the Plaintiffs asking for?**

The Plaintiffs are asking for money to compensate Class Members for damages they allege were caused by the Defendants' conduct, and their reasonable attorneys' fees and costs.  The Fair Credit Reporting Act provides for mandatory damages of between $100 and $1,000 per violation, and California Civil Code § 3344 provides for $750 per violation.  The Plaintiffs also request a Court

order declaring that the Defendants' conduct violated federal and state law and permanently prohibiting the Defendants and their agents and employees from continuing the conduct.

**6. Is there any money available now?**

No money or benefits are available now because the Court has not yet entered judgment against the Defendants.  Because the Defendants have defaulted from the lawsuit, there is no guarantee that money or benefits ever will be obtained.  If they are, you will receive a notice describing how to receive a share if available.

**7. Could I obtain a greater recovery by suing Radaris myself?**

Plaintiff seeks statutory damages and injunctive relief (that is, an order from the Court prohibiting the Defendants' conduct).  Statutory damages are a sum of money that Congress or the California Legislature has determined may be recovered for violation of certain laws.  The Fair Credit Reporting Act provides for statutory damages of between $100 and $1,000 per violation, and California Civil Code § 3344 provides for statutory damages of $750 per violation.  However, you should know that these laws also allow for the recovery of actual damages.  Actual damages are an amount of money that you have actually lost as a result of the Defendants' violations.

<u>This lawsuit seeks only statutory damages.  The Plaintiff do not seek to recover actual damages on behalf of themselves or any other Class Members</u>.  Depending on your circumstances and how the Defendants' conduct has affected you, you may be entitled to greater damages than the Plaintiffs seek to recover in this action.  You should carefully assess your actual damages and your ability to collect these damages when determining whether to opt out of the Class.

## DETERMINING IF YOU ARE A MEMBER OF THE CLASS

**8. How do I know if I am a Class Member?**

You are a Class Member if your personal information appeared on radaris.com at any time from October 24, 2010, to the present.  You are a member of the California Subclass if you were a California resident during this time period and your personal information appeared on radaris.com.

More specifically, the Court has certified the following Class and Subclass:

**FCRA Class:**  All persons in the United States who have had information relating to their credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living compiled and displayed by Radaris from October 24, 2010, to the present.

**California Subclass**:  All California residents whose names, photographs, or likenesses, or the names, photographs, or likenesses of their deceased personalities, Radaris has used on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services, without prior consent from the person or persons, from October 24, 2010, to the present.

**9.   Are there exceptions to being included in the Class?**

Yes, the Class excludes counsel representing the class and subclass, governmental entities, the Defendants, any entity in which the Defendants have a controlling interest, the Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, any judicial officer presiding over this matter, the members of their immediate families and judicial staff, and any individual whose interests are antagonistic to other putative class members.

**10. Are you still not sure if you're included?**

If you are still not sure whether you are included in the Class, you can get free help by calling or writing to the lawyers in this case at the phone number or address listed in response to question 17.

| YOUR OPTIONS AS A CLASS MEMBER |
| :---: |

**11.  What are my options as a Class Member?**

You must decide whether to stay in the Class or opt out of it.

**12. What happens if I choose to stay in the Class?**

If you stay in the Class, you will be permitted to share in a recovery, if any, that may occur in this lawsuit.  But you give up any rights to sue the Defendants separately about the same legal claims in this lawsuit.  You also will be legally bound by all of the orders the Court issues and judgments the Court makes in this class action, even if there is no recovery.

**13. How do I stay in the Class?**

You do not have to do anything at this time to stay in the Class.

**14. What happens if I opt out of the Class?**

If you opt out of the Class (by stating in writing that you do not want to be included in the Class), you will give up the right to participate in any recovery that may occur.  But you will keep any rights you may currently have to sue the Defendants regarding the legal claims at issue in this lawsuit.  You also will not be bound by the orders the Court issues and judgments the Court makes in this class action.

**15. How do I opt out of the Class?**

If you do not want to remain a member of the Class, you must submit a Request for Exclusion no later than [60 days from the notice date].  You may submit this opt out online by clicking here [hyperlink] and filling out the online form.  In the alternative, you may opt out by mailing a written request postmarked no later than [60 days from the notice date].  Your written request must include the following:

- Your name, address, and telephone number;
- A statement confirming that you want to opt out of the Class; and
- The case name and number:  *Huebner v. Radaris, LLC, et al.*, Case No. 3:14-cv-04735.

Your Request for Exclusion must be sent to the following address:

*Huebner v. Radaris Class Action*
CounselOne, PC
9301 Wilshire Blvd., Ste. 650
Beverly Hills, CA 90210

**16. What happens if I don't do anything?**

By doing nothing, you are choosing to stay in the Class.  You don't have to do anything now if you want to stay in the Class.  If you stay in the Class and the Plaintiffs obtain money or benefits, you will be notified about how to apply for a share.  Regardless of whether the Plaintiffs are able to recover money from the Defendants, you will not be able to sue or continue to sue the Defendants as part of any other lawsuit about the same legal claims that are the subject of this lawsuit.  You will also be legally bound by all of the orders the Court issues and judgments the Court makes in this lawsuit.

| THE LAWYERS REPRESENTING YOU |
|---|

**17.  As a Class Member, do I have a lawyer representing my interests in this Class Action?**

Yes.  The Court has appointed lawyers to represent you and other Class Members.  These lawyers are called Class Counsel.  The following lawyers are representing the Class:

Anthony J. Orshansky
Alexandria R. Kachadoorian
Justin Kachadoorian
CounselOne, PC
9301 Wilshire Blvd., Ste. 650
Beverly Hills, CA 90210
Tel. (310) 277-9945
www.counselonegroup.com

**18. How will the lawyers be compensated, and will the Plaintiffs receive compensation?**

If recovery is obtained for the Class, Class Counsel will request from the Court an award of attorneys' fees and expenses. Class Counsel may also ask the Court to approve reasonable incentive awards for the Plaintiffs.  If approved, these fees and expenses and incentive awards will either be paid from the recovery obtained for the Class or separately by the Defendants.

**19. Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working for you. However, you may hire your own lawyer to represent you at your own expense. If you decide to retain your own attorney, you may enter an appearance through your attorney if you so desire.

| GETTING MORE INFORMATION |
| --- |

**20.  Where do I get more information?**

This Notice contains a summary of relevant court papers. Complete copies of public pleadings, Court rulings and other filings are available for review and copying at the Clerk's office. The address is Office of the Clerk, United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102-3489. Information is also available at www._____.com. Please do not contact the Court. The Court cannot answer any questions or discuss the lawsuit.

DATED:                                      BY ORDER OF THE UNITED STATES DISTRICT
                                                     COURT NORTHERN DISTRICT OF CALIFORNIA

Exhibit B

■ **Frequently Asked Questions:**

1.  **What is the purpose of the Notice?**

2.  **What is the lawsuit about?**

3.  **What has happened in the lawsuit?**

4.  **What are the Plaintiffs asking for?**

5.  **Is there any money available now?**

6.  **Could I obtain a greater recovery by suing Radaris myself?**

7.  **What is the current status of the lawsuit?**

8.  **How do I know if I am a Class Member?**

9.  **Are there exceptions to being included in the Class?**

10. **What do I do if I am not sure that I am a Class Member?**

11. **What are my options as a Class Member?**

12. **What happens if I choose to stay in the Class?**

13. **How do I stay in the Class?**

14. **What happens if I opt out of the Class?**

15. **How do I opt out of the Class?**

16. **What happens if I don't do anything?**

17. **As a Class Member, do I have a lawyer representing my interests in this Class Action?**

18. **How will the lawyers be compensated, and will the Plaintiffs receive compensation?**

19. **Should I get my own lawyer?**

20. **Where do I get more information?**

1.  **What is the purpose of the Notice?**

The Notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. You have legal rights and options that you may exercise.

Top

2. **What is the lawsuit about?**

This case is known as *Huebner v. Radaris, LLC, et al.*, Case No. 3:14-cv-04735.  This lawsuit is about whether Radaris violated federal law regulating the collection and dissemination of personal information, commonly called background reports, and imposing obligations on businesses to correct or remove inaccurate and old information.  The law is called the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*

This lawsuit also alleges claims on behalf of a subclass of California residents against Radaris for violation of California law that imposes additional requirements on companies that prepare background reports on consumers.  These laws include the Investigative Consumer Reporting Agencies Act (ICRAA), Cal. Civ. Code § 1786 *et seq.*, and the Consumer Credit Reporting Agencies Act (CCRAA), Cal. Civ. Code § 1785 *et seq.*  On behalf of California residents the lawsuit also alleges statutory and common-law claims against Radaris for misappropriation of likeness arising from the use of consumers' names, photographs, or likenesses, or the names, photographs, or likenesses of their deceased relatives, on its website to sell its background reports and sell advertising space to online marketers.

Top

3. **What has happened in the lawsuit?**

On October 24, 2014, the Plaintiffs filed this lawsuit on behalf of a proposed class against the Defendants for violation of federal laws regulating background reports, and a California subclass for violation of similar California laws as well as statutory and common law privacy claims.  The Defendants have defaulted, which means they have not appeared to oppose the allegations.  On February 11, 2016, Plaintiffs moved to certify this action as a class action.  The Court granted in part and denied in part Plaintiff's motion on April 12, 2016.

Top

4. **What are the Plaintiffs asking for?**

The Plaintiffs are asking for money to compensate Class Members for damages they allege were caused by the Defendants' conduct, and their reasonable attorneys' fees

and costs.  The Fair Credit Reporting Act provides for mandatory damages of between $100 and $1,000 per violation, and California Civil Code § 3344 provides for $750 per violation.  The Plaintiffs also request a Court order declaring that the Defendants' conduct violated federal and state law and permanently prohibiting the Defendants and their agents and employees from continuing the conduct.

Top

5.  **Is there any money available now?**

No money or benefits are available now because the Court has not yet entered judgment against the Defendants.  Because the Defendants have defaulted from the lawsuit, there is no guarantee that money or benefits ever will be obtained.  If they are, you will receive a notice describing how to receive a share if available.

Top

6.  **Could I obtain a greater recovery by suing Radaris myself?**

Plaintiff seeks statutory damages and injunctive relief (that is, an order from the Court prohibiting the Defendants' conduct).  Statutory damages are a sum of money that Congress or the California Legislature has determined may be recovered for violation of certain laws.  The Fair Credit Reporting Act provides for statutory damages of between $100 and $1,000 per violation, and California Civil Code § 3344 provides for statutory damages of $750 per violation.  However, you should know that these laws also allow for the recovery of actual damages.  Actual damages are an amount of money that you have actually lost as a result of the Defendants' violations.

This lawsuit seeks only statutory damages.  The Plaintiff do not seek to recover actual damages on behalf of themselves or any other Class Members.  Depending on your circumstances and how the Defendants' conduct has affected you, you may be entitled to greater damages than the Plaintiffs seek to recover in this action.  You should carefully assess your actual damages and your ability to collect these damages when determining whether to opt out of the Class.

Top

7.  **What is the current status of the lawsuit?**

Because the Defendants have defaulted, they have admitted the allegations of the lawsuit.  The Plaintiffs will request the Court to enter a judgment against the Defendants.

Top

8.  **How do I know if I am a Class Member?**

You are a Class Member if your personal information appeared on radaris.com at any time from October 24, 2010, to the present.  You are a member of the California Subclass if you were a California resident during this time period and your personal information appeared on radaris.com.

More specifically, the Court has certified the following Class and Subclass:

**FCRA Class**:  All persons in the United States who have had information relating to their credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living compiled and displayed by Radaris from October 24, 2010, to the present.

**California Subclass**:  All California residents whose names, photographs, or likenesses, or the names, photographs, or likenesses of their deceased personalities, Radaris has used on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services, without prior consent from the person or persons, from October 24, 2010, to the present.

Top

9.  **Are there exceptions to being included in the Class?**

Yes, the Class excludes counsel representing the class and subclass, governmental entities, the Defendants, any entity in which the Defendants have a controlling interest, the Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, any judicial officer presiding over this matter, the members of their immediate families and judicial staff, and any individual whose interests are antagonistic to other putative class members.

Top

10. **What do I do if I am not sure that I am a Class Member?**

If you are still not sure whether you are included in the Class, you can get free help by calling or writing to the lawyers in this case at the phone number or address listed in response to question 17.

Top

11. **What are my options as a Class Member?**

You must decide whether to stay in the Class or opt out of it.

Top

12. **What happens if I choose to stay in the Class?**

If you stay in the Class, you will be permitted to share in a recovery, if any, that may occur in this lawsuit.  But you give up any rights to sue the Defendants separately about the same legal claims in this lawsuit.  You also will be legally bound by all of the orders the Court issues and judgments the Court makes in this class action, even if there is no recovery.

Top

13. **How do I stay in the Class?**

You do not have to do anything at this time to stay in the Class.

Top

14. **What happens if I opt out of the Class?**

If you opt out of the Class (by stating in writing that you do not want to be included in the Class), you will give up the right to participate in any recovery that may occur.  But you will keep any rights you may currently have to sue the Defendants regarding the legal claims at issue in this lawsuit.  You also will not be bound by the orders the Court issues and judgments the Court makes in this class action.

Top

15. **How do I opt out of the Class?**

If you do not want to remain a member of the Class, you must submit a Request for Exclusion no later than [60 days from the notice date].  You may submit this opt out online by clicking here [hyperlink] and filling out the online form.  In the alternative,

you may opt out by mailing a written request postmarked no later than <mark>[60 days from the notice date]</mark>.  Your written request must include the following:

- Your name, address, and telephone number;
- A statement confirming that you want to opt out of the Class; and
- The case name and number:  *Huebner v. Radaris, LLC, et al.*, Case No. 3:14-cv-04735.

Your Request for Exclusion must be sent to the following address:

*Huebner v. Radaris Class Action*
CounselOne, PC
9301 Wilshire Blvd., Ste. 650
Beverly Hills, CA 90210

Top

16. **What happens if I don't do anything?**

By doing nothing, you are choosing to stay in the Class.  You don't have to do anything now if you want to stay in the Class.  If you stay in the Class and the Plaintiffs obtain money or benefits, you will be notified about how to apply for a share.  Regardless of whether the Plaintiffs are able to recover money from the Defendants, you will not be able to sue or continue to sue the Defendants as part of any other lawsuit about the same legal claims that are the subject of this lawsuit.  You will also be legally bound by all of the orders the Court issues and judgments the Court makes in this lawsuit.

Top

17. **As a Class Member, do I have a lawyer representing my interests in this Class Action?**

Yes.  The Court has appointed lawyers to represent you and other Class Members.  These lawyers are called Class Counsel.  The following lawyers are representing the Class:

Anthony J. Orshansky
Alexandria R. Kachadoorian
Justin Kachadoorian
CounselOne, PC
9301 Wilshire Blvd., Ste. 650
Beverly Hills, CA 90210

Tel. (310) 277-9945
www.counselonegroup.com

Top

18. **How will the lawyers be compensated, and will the Plaintiffs receive compensation?**

If recovery is obtained for the Class, Class Counsel will request from the Court an award of attorneys' fees and expenses. Class Counsel may also ask the Court to approve reasonable incentive awards for the Plaintiffs.  If approved, these fees and expenses and incentive awards will either be paid from the recovery obtained for the Class or separately by the Defendants.

Top

19. **Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working for you. However, you may hire your own lawyer to represent you at your own expense.  If you decide to retain your own attorney, you may enter an appearance through your attorney if you so desire.

Top

20. **Where do I get more information?**

The Notice contains a summary of relevant court papers. Complete copies of public pleadings, Court rulings and other filings are available for review and copying at the Clerk's office.  The address is Office of the Clerk, United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102-3489.  Information is also available at www._____.com.  Please do not contact the Court.  The Court cannot answer any questions or discuss the lawsuit.

Top

Exhibit C



# Site Proposal – Radaris Class Opt-In/Opt-Out Website

Development of site design, architecture, new hosting infrastructure, system optimization for speed, Search Engine Marketing (SEM), integration of site content and sections, Opt-In & Opt-Out System, and management.

## Phase I - Included:
Deploy Site, Optimize Server, System, Code and Images, Integrate additional content.

### Production Requirements
- Deploy Site on New Server, Server Configuration and Speed Optimization
- Theme code optimization of CSS, JS, PNG, JPEG, compression, deployment of CDN (Content Delivery Network) for security and streaming load balancing
- Recompress and scale images for 4-5 size variations and set up scaled serving system to feed different sized images based on browser request (speeds site)
- Deployment of site caching system, tweaking and optimization of system.
- Installation of analytics and webmaster tools including page traffic analysis reports
- Deployment of new optimized responsive site theme for use on mobile devices.
- Integration of additional images, content, FAQ, links to external references, etc. – to be provided by client.

Phase 1 Estimated Cost - $1,000

## Phase II - Included:
SEO keyword research and integration of SEM system – Google Adwords Campaign.

### Production Requirements
- Keyword research and integration of SEO system for page titling and descriptions.
- Development of SEM campaign, keyword and phrase research and integration, budgeting and market targeting & setup. Goal to place site on first page of results for "Radaris" (google)
- Development of Opt-In / Opt-Out system including:
  - Subscriber Content acquisition forms
  - Drip campaign system setup and initial deployment with client provided newsletters and emails to update class of progress
  - Metrics & reporting of new subscribers

Phase 2 Estimated Cost - $750

## Phase III - Included:
Ongoing Google Adwords Campaign to achieve First Page placement for search term "Radaris." Based on current budgeting for this term, it looks like we should be able to

achieve Page 1 results for approximately $100/mo in spend. However, we must convince Google to allow us to use "Radaris" as it is a trademarked name. Negotiating the use of this will be billed at $75/hr, or can be taken on by the client.

Phase 3 Estimated Cost - $400


## Proposed Production Schedule - 8 Weeks of Development

Schedule based upon joint production schedule for all 3 Phases.  All timeframes are highly contingent upon timely feedback and approval of client as development progresses.

## Proposed Budget

This budget is based upon the simultaneous and concurrent development all 6 sites, helping to combine and reduce resource costs for programming, design, management and other labor involved in site production.

**Technical & Creative Site Development**
Phase I Development - $1,000
Phase II Development - $750
Phase III Development - $400
**Total Development - $2,150**

## Ongoing Expenses:

**Hosting** – $50/mo for hosting of website and server management throughout this process.

**SEM Traffic Costs - Google**
Search Engine Marketing cost of traffic – paid directly to google, Estimated at $100-200/mo