ANTHONY J. ORSHANSKY, Cal. Bar No.199364
anthony@counselonegroup.com
ALEXANDRIA R. KACHADOORIAN, SBN 240601
alexandria@counselonegroup.com
JUSTIN KACHADOORIAN, Cal. Bar No. 260356
justin@counselonegroup.com
COUNSELONE, P.C.
9301 Wilshire Boulevard, Suite 650
Beverly Hills, California 90210
Telephone: (310) 277-9945
Facsimile: (424) 277-3727

Attorneys for Plaintiffs JOHN HUEBNER and IRMIN LANGTON, on behalf of themselves and others similarly situated

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN HUEBNER and IRMIN LANGTON, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

RADARIS, LLC, a Massachusetts limited liability company; RADARIS AMERICA, INC., a Delaware corporation; and EDGAR LOPIN, an individual,

Defendants.

Case No. 3:14-cv-04735-VC

[Assigned to the Honorable Vince Chhabria]

**CLASS ACTION**

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS RADARIS AMERICA, INC., RADARIS, LLC AND EDGAR LOPIN**

Hearing Date: November 17, 2016
Hearing Time: 10:00 a.m.
Courtroom: 4
Judge: Hon. Vince Chhabria

# NOTICE OF MOTION

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 17, 2016, at 10:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Vince Chhabria of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California 94102, Courtroom 4 – 17th Floor, plaintiffs John Huebner and Irmin Langton ("Plaintiffs"), on behalf of themselves and the certified Class they represent, will and hereby do move this Court pursuant to Federal Rule of Civil Procedure 55 for an Order granting a default judgment against Defendants for failure to plead or otherwise defend this action.

This Motion is and will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Justin Kachadoorian, the pleadings and papers on file herein, the oral argument of the parties, all other matters of which the Court may take judicial notice and upon such other or further material as may be presented at or before the hearing of this matter.

DATED: September 29, 2016

COUNSELONE, PC

By */s/ Justin Kachadoorian*
Anthony J. Orshansky
Justin Kachadoorian
Attorneys for Plaintiffs and the Class

**TABLE OF CONTENTS**

**PAGE NO.**

INTRODUCTION....................2

PROCEDURAL HISTORY....................2

ARGUMENT....................4

1. The Complaint States Claims Sufficient to Award Relief and the Claims Are Meritorious....................5
2. The Class Would Suffer Prejudice Absent a Default Judgment....................9
3. The Amount at Stake Is Proportionate to Defendants' Misconduct....................10
4. There Is No Dispute Concerning Material Facts, and Defendants' Default Did Not Result from Excusable Neglect....................11
5. Granting a Default Here Overrides the Policy Favoring Decision on the Merits Because Defendants' Serious Misconduct Will Continue to Escape Justice....................12

REMEDIES....................12

1. Statutory Damages....................13
2. Injunctive Relief....................14

CONCLUSION....................15

# TABLE OF AUTHORITIES

**CASES** **Page No.**

*Aldabe v. Aldabe*
616 F.2d 1089 (9th Cir. 1980)…………………………………………………………....………..4

*Andrews v. Trans Union Corp.*
7 F. Supp. 2d 1056 (C.D. Cal. 1998)……………………………………..…………..…..14

*AngioDynamics, Inc. v. Biolitec AG*
780 F.3d 429 (1st Cir. 2015)……………………………………..…………..……..……..13

*BCS Servs., Inc. v. Heartwood 88, LLC*
637 F.3d 750 (7th Cir. 2011)……………………………………..…………..…………..13

*Beaudry v. TeleCheck Servs., Inc.*
579 F.3d 702 (6th Cir. 2009)……………………………………..…………..……..…...…..14

*Berry v. Schulman*
807 F.3d 600 (4th Cir. 2015) ………………………………………………….………………14

*Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*
555 F.Supp.2d 537 (E.D. Pa. 2008)……………………………………………………..…..13

*Bricklayers etc. v. Moulton Masonry & Const., LLC*
779 F.3d 182 (2nd Cir. 2015)…………………………………………………………………..13

*Danning v. Lavine*
572 F.2d 1386 (9th Cir. 1978)…………………………………………..…………..……..5

*Doe v. Qi*
349 F. Supp. 2d 1258 (N.D. Cal. 2004)………………………………………………..………..4

*Domanus v. Lewicki*
742 F.3d 290 (7th Cir. 2014)…………………………………………………………………..13

*Draper v. Coombs*
792 F.2d 915 (9th Cir. 1986)…………………………………………..…………………..4

*Dr. JKL Ltd. v. HPC IT Education Center*
749 F. Supp. 2d 1038 (N.D. Cal. 2010)……………………………………………..passim

*Eitel v. McCool*
782 F.2d 1470 (9th Cir. 1986)………………………………………………………..4, 5, 10, 11

*Engelbrecht v. Experian Info. Servs., Inc.*
2012 WL 10424896 (C.D. Cal. Nov. 6, 2012)……………………………..………………..14

*Geddes v. United Financial Group*
559 F.2d 557 (9th Cir. 1977)…………………………………………..…………………..4

*In the Matter of Filiquarian Publishing, LLC, et al.*
Federal Trade Commission, Case No. C-4401……..………………..………………………..14

*LG Electronics v. Advance Creative Computer Corp.*
212 F. Supp. 2d 1171 (N.D. Cal. 2002)…………………………………………..………..4

*PepsiCo Inc. v. Cal. Sec. Cans*
238 F. Supp. 2d 1172 (C.D. Cal. 2002)……………………………………..……..10, 14

*Pope v. United States*
323 U.S. 1 (1944)………………………………………………………..…………..………..4

*Ramirez v. Trans Union, LLC*
899 F.Supp.2d 941 (N.D. Cal. 2012)……………………………………..…………..…..14

*RingCentral, Inc. v. Quimby*
711 F. Supp. 2d 1048 (N.D. Cal. 2010)…………………………………………..………..4

*Rosales-Martinez v. Palmer*
753 F. 3d 890 (9th Cir. 2014) ………………………………………………….…….………..14

*TeleVideo Systems, Inc. v. Heidenthal*
826 F.2d 915 (9th Cir. 1987)…………………………………………………………..………11

*United States v. Instant Checkmate, Inc.*
Case No. 14-CV-0675 (S.D. Cal. Apr. 1, 2014)………………………………………… 14

**STATUTES AND RULES**

California Business and Professions Code § 17203……………………………….………..…14

California Civil Code § 1785 ("CCRAA")…………………………………….……………8, 9, 14

California Civil Code § 1786 ("ICRAA")…………………………………….……………3, 8, 14, 15

California Civil Code § 3344…………..……………………………….……………..….…...3, 13, 14, 15

California Code of Civil Procedure § 415.50…………...………………………….……………….…...2

California Government Code § 6064………...………………………….……………….…....2

Federal Rules of Civil Procedure, Rule 4………………………………………………………. 2

Federal Rules of Civil Procedure, Rule 12…………………………………………..……. 2

Federal Rules of Civil Procedure, Rule 23…………………………………………...………3

Federal Rules of Civil Procedure, Rule 55…………………………………………………… 2, 4, 13

15 U.S.C. § 1681 ("FCRA")………...........................................................................................passim

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 55, plaintiffs John Huebner and Irmin Langton ("Plaintiffs") respectfully request that the Court enter a judgment of default against Radaris America, Inc. ("Radaris America"), Radaris, LLC ("Radaris"), and Edgar Lopin ("Lopin") for failure to plead or otherwise defend against this action in a timely manner. Defendants have willfully refused to participate in this action, despite knowledge of the claims against them and the consequences for their failure to respond. Defendants have attempted to evade liability for their misconduct by ignoring the judicial process. In order to provide a remedy to Plaintiffs and the Class against Defendants' wrongdoing, Plaintiffs and the Class respectfully request a default judgment against Defendants consisting of appropriate damages and injunctive relief.

**PROCEDURAL HISTORY**

All parties in this action have been served, but none has appeared to defend against the claims alleged. Plaintiffs served Radaris America, Inc., through personal service in November 2014, but it failed to file a responsive pleading, and on June 3, 2015, the clerk entered its default. [Dkt. No. 22.] Radaris and Lopin were served, pursuant to Fed. R. Civ. P., Rule 4(e)(1) and (h)(1)(A), Cal. Code of Civ. Pro. § 415.50(a), Gov. Code § 6064 and this Court's Order of September 29, 2015, through notice by publication in *The Boston Globe*. Plaintiffs filed a proof of service of notice by publication on November 20, 2015, showing that notice of this action was published in the print and digital editions of *The Boston Globe* on October 11, 2015, October 18, 2015, October 25, 2015, and November 1, 2015. [*See* Dkt. No. 32.] Pursuant to California Government Code § 6064, service is deemed complete as of 28 days following the first date of publication of the notice, inclusive of the first day. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), a defendant had 21 days from completion of service to respond to the Complaint. The last day by which Radaris and Lopin were required to appear or otherwise respond to the Complaint expired on November 30, 2015. On December 14, 2015, Plaintiffs moved for entry of default against Lopin and Radaris, which was granted in January 2016.

On February 16, 2016, Plaintiffs moved for class certification as to Lopin and Radaris. *See*

Dkt. No. 37. Plaintiffs sought an order certifying the following class and subclass:

> **FCRA Class:** All persons in the United States who have had information relating to their credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living compiled and displayed by Radaris from four years prior to the filing of the Complaint to the date judgment is entered.

> **California Subclass:** All California residents whose names, photographs, or likenesses, or the names, photographs, or likenesses of their deceased personalities, Radaris has used on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services, without prior consent from the person or persons, from four years prior to the filing of the Complaint to the date judgment is entered.

*Id.* On April 12, 2016, the Court issued an order granting in part and denying in part Plaintiffs' motion for certification. "The proposed FCRA Class is certified under both Rule 23(b)(2) and Rule 23(b)(3). The proposed California Subclass is certified under Rule 23(b)(2) as to all state-law claims except the false light claim, and is additionally certified under Rule 23(b)(3) as to the ICRAA, Civil Code § 3344, and common law misappropriation-of-likeness claims. The motion to certify is denied as to the false light claim." [Dkt. No. 42.] The Court subsequently approved an Internet based class notice plan (Dkt No. 43), and ordered that "Class Members shall have sixty (60) days from the date of publication of the class notice to submit opt-outs." [Dkt. No. 44.]

Plaintiffs carried out the class notice plan in accordance with the Court's Order. Pursuant to the Class Notice Plan, on June 16, 2016, Plaintiffs published Internet notice to the class at the websites radarisclassaction.com and radarisclassactionlawsuit.com and filed their Notice of Publication of Class Notice the same day. [Dkt. No. 45.] The Class Notice appeared on the homepage of the website, which was presented with appropriate colors and borders to attract and retain Class Members' attention. *Id.* The homepage, along with each webpage hosted by the site, included a menu listing the following categories: (1) Dates and Deadlines; (2) Court Documents; (3) Frequently Asked Questions; (4) Contact, each of which hyperlinked to pages with the corresponding information. The Class Notice summarized the allegations in this lawsuit, provided a background of the procedural posture of the lawsuit, defined the Class and Subclass, explained Class Members' options, described how to opt out of the Class, apprised Class Members of the deadline for opting out, explained that Class Members would be bound by any judgment if they do

not opt out, and informed Class Members that they could retain their own counsel at their own expense to appear before the Court if they wished to do so. The Notice apprised Class Members that Defendants have defaulted, that no monetary recovery is yet available, that future monetary recovery cannot be guaranteed, and that this lawsuit seeks only statutory damages and injunctive relief, not actual damages against Defendants, and instructed Class Members to carefully consider whether they wished to pursue greater relief by opting out. *See* Dkt No. 43.

The opt-out period has ended, and the last day for class members to submit opt out requests from the class expired on August 15, 2016. [Dkt No. 44.] Plaintiffs received no requests to opt out from the class. (Kachadoorian Decl. ¶ 6.)

**ARGUMENT**

"Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the court may enter a default judgment where the clerk, under Rule 55(a), has previously entered the party's default based upon failure to plead or otherwise defend the action." *RingCentral, Inc. v. Quimby*, 711 F. Supp. 2d 1048, 1057 (N.D. Cal. 2010) (citing Fed. R. Civ. P. 55(b), *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir.1986), and *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980)).

Upon entry of default the factual allegations of the complaint are taken as true, and the Court's primary task is awarding appropriate damages. *See Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir.1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)); *LG Electronics v. Advance Creative Computer Corp*., 212 F. Supp. 2d 1171, 1175 (N.D. Cal. 2002).

When determining whether to enter default judgment district courts consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See RingCentral*, *supra*, 711 F. Supp. 2d at 1057 (quoting *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)); *Doe v. Qi*, 349 F. Supp. 2d 1258, 1272 (N.D. Cal. 2004) (same); *Dr. JKL Ltd. v. HPC IT Education Center*, 749 F. Supp. 2d 1038, 1046 (N.D. Cal. 2010) (same). Each of these factors obtain in the instant case.

**1. The Complaint States Claims Sufficient to Award Relief and the Claims Are Meritorious.**

"Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together. These two factors require that plaintiffs' allegations 'state a claim on which the [plaintiff] may recover.'" *Dr. JKL Ltd. v. HPC IT Education Center*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) (quoting *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). While "prejudice to the plaintiff is an independent factor to be analyzed under *Eitel*, such prejudice necessarily flows from the plaintiff's ability to demonstrate the merits of its claim because, in the absence of a default judgment, plaintiff 'would be without other recourse for recovery' to which it is entitled." *Dr. JKL Ltd*., 749 F. Supp. 2d at 1048.

If this action had proceeded to trial, Plaintiff and the Class would succeed on their claims that (1) Radaris is a consumer reporting agency as defined by the FCRA; (2) Radaris violated the FCRA; and (3) Plaintiffs and the Class are entitled to damages. Defendants attempted to avoid compliance with the law by disclaiming liability under the FCRA, and consequently they had no procedures for maintaining the maximum accuracy of information, for providing free file disclosures to consumers, for investigating disputed information, and so forth. Nor, as regards the California Subclass, did Defendants provide any mechanism for putative class members to provide their consent for the use of their names and likenesses.

Class members have repeatedly confirmed Defendants' total failure to take any action to comply with the law, let alone a policy or practice of doing so. For well over two years now putative class members have reported that Defendants have collected and publicly displayed their private information on the Radaris website and ignored their attempts to remove or correct it. (*see* Dkt No. 37-1 (Kachadoorian Decl. ¶ 10).) Indeed Radaris disclaims any effort to do so. (*Id*., Ex. E ("No removals. … In the new digital world, once information becomes public it remains public forever. The site does not remove information by users' requests[.]").) Moreover, Defendants' entire business is avowedly based on collection and assembly of publicly available information through algorithms that require limited human oversight. (*Id*., Ex. C ("By capturing all publicly available personal information via a proprietary algorithm, Radaris indexes everything relevant about people

and provides it for free in a convenient format, automatically filtering unimportant results often found when using traditional people search.”). That is the only way for business sketchy enough to successfully dodge service for the better part of a year to collect such a massive amount of information on “nearly every person in the country.” (*Id.,* Ex. A; *see also* Plaintiffs’ Motions for Alternative Service, ECF Nos. 19, 27.)

First, the Complaint sufficiently details that Radaris’ business activities render it a consumer reporting agency under the FCRA, describes the requirements the FCRA places on consumer reporting agencies, describes Radaris’ failure to comply with the FCRA, describes its disavowal of the FCRA’s applicability and its willful refusal to adopt procedures consistent with the FCRA, and states the basis and amount of damages to which the Class is entitled. “Defendants are a ‘consumer reporting agency’ (‘CRA’) as defined by the FCRA because they assemble or evaluate consumer reports and investigative consumer reports for the purpose of providing them to third parties and uses means or facilities of interstate commerce for the purpose of preparing and furnishing those reports. See 15 U.S.C. § 1681a(f).” Compl., ¶ 47. “Defendants are also a “nationwide specialty consumer reporting agency” as defined by the FCRA because they are “a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis relating to (1) medical records or payments; (2) residential or tenant history; (3) check writing history; (4) employment history; or (5) insurance claims.” 15 U.S.C. § 1681a(w).” *Id.*, ¶ 48. See also 15 U.S.C. § 1681a(d)(1) (defining “consumer report”); 15 U.S.C. § 1681a(e) (defining “investigative consumer report”). Defendants advertised that their reports could be used for credit, employment, or tenant-screening purposes, thus reflecting that Defendants expected these reports to be used for FCRA purposes. *Id.*

Second, Defendants failed to maintain reasonable procedures to limit the furnishing of consumer reports for permissible purposes. 15 U.S.C. § 1681b(a). For example, Defendants failed to require that prospective users of their reports identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Moreover, Defendants have furnished consumer reports to persons whom they have reasonable grounds to believe would not use the consumer report for a permissible purpose. By failing to limit the furnishing of reports to those who had a permissible purpose to use such a report, Defendants

have violated 15 U.S.C. § 1681e(a). Further, Defendants have furnished consumer reports for employment purposes but have failed to make the FCRA disclosures required by Section 1681b. Compl., ¶¶ 45-60.

Third, Defendants fail to provide Furnisher Notices to Furnishers and User Notices to Users as required by the FCRA. 15 U.S.C. § 1681e(d)(1); 1681e(d)(2); 15 U.S.C. § 1681e(d)(1) (requiring that a CRA a furnisher of consumer information a "Notice to Furnishers of Information: Obligations under the FCRA," and provide to any user of a consumer report a "Notice to Users of Consumer Reports: Obligations to Users under the FCRA"); Compl., ¶ 65. Defendants also have failed to follow reasonable procedures to assure the maximum possible accuracy of the information that they provide in their consumer reports. Indeed, Defendants repeatedly admit that they do not make any effort to verify or evaluate its data. *Id.*, ¶ 67; 15 U.S.C. § 1681e(b).

Fourth, Defendants violated Section 15 U.S.C. § 1681g of the FCRA by failing to disclose to Plaintiffs and other members of the Class, among other things, all the information in the their files when they request file disclosures, failing to disclose the sources of that information, failing to identify each person who procured a consumer report, and failing to provide them with a summary of rights prepared by the Bureau of Consumer Financial Protection. *See* Compl., ¶ 72. Defendants violated Section 15 U.S.C. § 1681h of the FCRA by failing to provide the foregoing disclosures in writing or by other means agreed upon by the Plaintiffs and other members of the Class, and by failing provide trained personnel to explain to consumers the information disclosed. *Id.*, ¶ 73.

Fifth, Defendants violated Section 15 U.S.C. § 1681i of the FCRA by failing, upon notification by Plaintiffs and other members of the Class, to conduct a reasonable reinvestigation to determine whether disputed information contained in their consumer reports was inaccurate, delete or modify this information within 30 days, and notify Plaintiffs and other members of the Class of the result of the reinvestigation consistent with 15 U.S.C. § 1681i(a)(6)(B). *Id.*, ¶ 77. Defendants violated this section by failing to maintain reasonable procedures to prevent the reappearance of deleted material in consumer reports and provide Plaintiffs and other members of the Class with notice of any reinsertion within five days of reinsertion. Nor did Defendants provide Furnishers with notification of the dispute and provide them with relevant information regarding the dispute.

Moreover, whenever information was deleted, Defendants failed to notify Plaintiffs and other members of the Class by telephone and in writing and inform them of their right to request that notice of the deleted disputed information be provided to persons who had obtained their reports. Id., ¶¶ 78, 79. Defendants also have failed to post a toll-free telephone number on the Radaris website through which consumers can request free annual file disclosures. *See* 15 U.S.C. §§ 1681j(a)(1)(C), 1681e(d) and 1681e(b); 12 C.F.R. §§ 1022.130 et seq.

Sixth, Defendants violate the ICRAA because they do not allow consumers to inspect all files maintained on the consumer and do not make a copy of a report available, upon request and proper identification, to the consumer when Defendants provide a report to a person other than the consumer; nor do Defendants identify the recipients of any report on the consumer that Defendants have furnished within the preceding three-year period. *See* Cal. Civ. Code § 1786.10(c); Cal. Civ. Code § 1786.11; Cal. Civ. Code § 1786.10(b); *see* Compl., ¶¶ 87-91. Defendants also fail to maintain reasonable procedures designed to limit furnishing of consumer reports for purposes specified under Section 1786.12 of the ICRAA. *Id.*, ¶ 92. Defendants make no effort to verify the identity of a new prospective user of its reports and the uses by the prospective user prior to furnishing the user any investigative consumer reports; nor do Defendants obtain the written agreement from users that its reports will be used only for the purposes listed in Section 1786.12. *Id*., ¶ 93. Further, Defendants' reports contain numerous inaccuracies, and they do not maintain reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the report relates, maintain strict procedures designed to ensure that public report information is complete and up to date, have an effective procedure for reinvestigating and correcting or deleting inaccurate or incomplete information in compliance with Section 1786.24. *See* Compl., ¶¶ 94, 95.

Seventh, Defendants violated California Civil Code Section 1785.10(a)-(c) by failing to allow Plaintiffs and other members of the Class to inspect the files maintained by Defendants regarding them in response to their requests. Defendants violated Cal. Civ. Code § 1785.10(d) and (e) by failing to provide Plaintiffs and other members of the Class with the identity of recipients of reports regarding Plaintiffs and Class members or to identify inquiries regarding their files. Compl.,

¶¶ 98-100. Defendants violated Cal. Civ. Code §§ 1785.11 and 1785.14 by failing to restrict the dissemination of reports regarding Plaintiffs and other members of the Class to recipients meeting the criteria specified in Sections 1785.11(a) and (b) and 1785.14(a) of the CCRAA. *Id.*, ¶ 101. Defendants violated Cal. Civ. Code § 1785.14(b) by failing to ensure that reports regarding Plaintiffs and Class members contained the maximum possible accuracy of the information contained therein. *Id.*, ¶ 102. Defendants violated Cal. Civ. Code § 1785.15 by failing to honor the requests of Plaintiffs and other Class members for copies of their files, as set forth in Section 1785.15. *Id.*, ¶ 103. Defendants violated Cal. Civ. Code § 1785.16 by failing to provide methods for Plaintiffs and other Class members to dispute information contained in their credit reports, to provide for correction and deletion of information in reports and to avoid reinsertion of inaccurate information in reports. *Id.*, ¶ 104. Defendants failed to "maintain strict procedures designed to ensure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date," in violation of Cal. Civ. Code § 1785.18(b). *Id.*, ¶ 105. Defendants failed to "specify in any report containing public record information the source from which that information was obtained, including the particular court, if there be such, and the date that the information was initially reported or publicized," in violation of Cal. Civ. Code § 1785.18(a). *Id.*, ¶ 106.

Finally, with respect to the California Subclass, Defendants have knowingly used the names, photographs, or likenesses, of Plaintiffs and other California consumers and deceased personalities for purposes of advertising and selling background checks and subscriptions and also attracting third-party advertisers whose ads appear on profile pages. Compl., ¶¶ 110-112.

Thus, the allegations of the Complaint and facts adduced in the record sufficiently demonstrate that class members are entitled to the relief requested herein.

**2. The Class Would Suffer Prejudice Absent a Default Judgment.**

The Class would suffer prejudice absent a default judgment. A class was certified on May 17, 2016. Notice to the class already has been posted on the Internet advising class members of the action and the potential relief. Class members already have had to decide whether to opt out of the action or be bound by a decision in this action. No class members have opted out. All class members

therefore would be deprived of any relief, whether through this action or through having forgone the right to pursue an individual action, if default is not granted.

Class members will continue to suffer harm because Defendants will continue to sell their personal information to third parties without proper authorization under the FCRA and without following the procedures for consumer-reporting agencies required by the FCRA, e.g., ensuring accuracy of information, providing methods for consumers to correct inaccurate data, etc. Once their personal information is given to third parties, it cannot be made private again and it can be used by third parties to cause Plaintiffs and class members harm. Radaris sells at least 75,000 consumer reports annually in violation of the FCRA and the safeguards the FCRA provides consumers. Radaris should not be allowed to prosper from its wrongdoing at the expense of Plaintiffs and the Class simply because Radaris chose to avoid defending this action.

**3. The Amount at Stake Is Proportionate to Defendants' Misconduct.**

"Under the fourth *Eitel* factor, 'the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct.'" *Dr. JKL Ltd.*, 749 F. Supp. 2d at 1050-51 (stating that "plaintiff is entitled to recover statutory damages under both the Copyright Act and the Lanham Act . . . defendants have engaged in willful use of a counterfeit mark, thereby justifying the imposition of a monetary award") (citing *PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172 (C.D.Cal.2002), and *Eitel*, 782 F.2d at 1471-72).

Here, the amount of damages that Plaintiffs and the Class seek is statutory damages of $100 per violation pursuant to the FCRA. By Radaris' own admission, it sells at least 75,000 reports annually. That would amount to $100 per report sold each year of the class period. This is the lower end of the amount sought. Radaris boasts that it has a database of 60 million professional profiles containing personal information that it has disseminated to the public. Radaris also potentially offered for sale the public records reports of nearly every adult citizen in the United States (321,418,820 as of the 2015 Census). The amount sought is proportional to the harm that Radaris has caused because, *inter alia*, (1) inaccurate information costs consumers employment and housing, and consumers have no recourse to correct Defendants' errors, (2) personal information is being divulged to third parties who have no proper purpose for it and can hurt the consumers on whom

they purchase the report, and (3) Defendants' conduct deprives consumers of their statutory rights, resulting in informational injury.

**4. There Is No Dispute Concerning Material Facts, and Defendants' Default Did Not Result from Excusable Neglect.**

"The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case. Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Dr. JKL Ltd.*, 749 F. Supp. 2d at 1051 ("Plaintiff filed a well-pleaded complaint alleging the facts necessary to establish its claims, and the court clerk entered default against the defendants," and there was no evidence "defendants' failure to appear or otherwise defend . . . is the result of excusable neglect") (citing *TeleVideo Sys., Inc.*, 826 F.2d at 917-18).

The only questions the Court will need to determine in granting this Motion are legal questions. There can be no dispute regarding the nature of Defendants' business. It collects and compiles consumer records and sells them to third parties. It does not deny its actions, but rather claims that the FCRA does not apply to it. Determining that Radaris is a consumer reporting agency within the meaning of the FCRA is simply a matter of matching the facts about Defendants' business to the legal definition of a consumer reporting agency set forth in the FCRA. Similarly, there is no factual dispute regarding whether Defendants comply with or violates the FCRA. Because it claims that it is not subject to the FCRA, Radaris undisputedly maintains no procedures to comply with the FCRA. Radaris does not deny that it sells its reports to third parties with no permissible purpose, without authorization as to a permissible purpose, without taking steps to ensure the accuracy of the information it reports or the persons it reports on, and without permitting consumers to challenge the accuracy or correct errors in their consumer reports, all in contravention of the FCRA. Radaris does not deny that it does these things, and the Complaint's allegations set forth that it does. Radaris rather denies that the reports it sells are legally consumer reports under the FCRA and that it legally constitutes a consumer reporting agency under the FCRA. It therefore justifies its admitted refusal to comply with the FCRA by denying the statute's applicability. The facts are not disputed, only the legal application of the statute's definitions are, and once those legal determinations are made, there is no question that the FCRA is being violated by Radaris.

Moreover, Defendants did not default because of excusable neglect. Rather, their default was willful and calculated. As set forth in papers previously filed, Radaris and Lopin had actual knowledge of this action and had made contact with Plaintiffs through counsel, even going so far as to suggest mediation with Plaintiffs in Boston. Nevertheless, Defendants attempted to evade service of process, refusing to authorize their lawyers to accept service on their behalf, or to represent them at status conferences. Only one of the three Defendants (Radaris America) was served at the address listed with the Secretary of the Commonwealth of Massachusetts where Radaris is incorporated, and employees insisted that Lopin and Radaris could not be served there. Radaris America defaulted in November 2014, following personal service on its business headquarters in October 2014. Plaintiffs attempted to get Radaris and Lopin to defend the action through their counsel, but their attorneys still claimed they had no authority. Because they evaded service of process, notice to Radaris and Lopin was published in the *Boston Globe*, where Radaris is located, and more than ample time was given for Radaris and Lopin to respond. They failed to do so.

**5. Granting a Default Here Overrides the Policy Favoring Decision on the Merits Because Defendants' Serious Misconduct Will Continue to Escape Justice.**

Defendants had actual knowledge of the lawsuit since shortly after its filing, instructed counsel to contact Plaintiffs' counsel about resolving the action through mediation, then refused to answer or otherwise defend the lawsuit, and refused to grant their counsel authority to participate in court proceedings such as status conferences. Defendants have been aware of this action and the claims against them, and the consequences of those claims, for two years now. They willfully chose not to comply with the judicial process, attempting to escape liability by avoiding a decision on the merits. *See Dr. JKL Ltd.*, 749 F. Supp. 2d at 1051 ("Although the Federal Rules espouse a preference for resolving cases on their merits . . . defendants' failure to comply with the judicial process makes a decision on the merits likely impossible."). Defendants' own actions allow no alternative but default judgment.

**REMEDIES**

Plaintiffs and the Class seek the following remedies: (1) damages of $100 per violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A), and (2) an injunction requiring Radaris to

remove its website that sells the reports that violate the FCRA.[1]

**1. Statutory Damages**

The FCRA authorizes an imposition of $100 to $1,000 per violation as statutory damages. 15 U.S.C. § 1681n(a)(1)(A). Furthermore, California Civil Code § 3344 provides for statutory damages of $750 per violation for misappropriation of likeness.

The court may enter default judgment for minimum statutory damages for alleged violations without further proof of damages. *See Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F.Supp.2d 537, 544 (ED Pa. 2008) ("In default judgments in copyright infringement cases, federal courts routinely award minimum statutory damages.")[2]

District courts have "broad latitude" in quantifying damages, "especially when the defendant's own conduct impedes quantification." *Domanus v. Lewicki* 742 F3d 290, 303-304 (7th Cir. 2014); *BCS Servs., Inc. v. Heartwood 88, LLC*, 637 F.3d 750, 759 (7th Cir. 2011). In such cases, "[e]ven speculation has its place in estimating damages." *BCS Servs.* at 759.

Plaintiffs seek minimum statutory damages of $100 under the FCRA. Radaris admits that it sells at least 75,000 reports annually through its website. (Kachadoorian Decl., Ex. A.) Radaris also boasts that it has a database of 60 million professionals. [*Id.*, Ex. B.] The class period under the FCRA encompasses four years prior to the filing of the Complaint through the present – October 2010 through the present, nearly six years in total. The low end of the damages available is $100 for each of the 75,000 reports sold over that time period and the upper end of the damages is $100 per report sold over that time period for the potentially 60 million professionals on whom Radaris publishes profiles.[3] The statutory damages based on only one violation of the FCRA would alone

---

[1] Plaintiffs will also seek an award of attorneys' fees and costs of suit pursuant to Local Rule 54, which requires the filing of such motions within fourteen (14) days after the entry of judgment. At that time Plaintiffs will also move for approval of stipends to the named plaintiffs for their service as class representatives.

[2] The Federal Rules give district courts "wide latitude" to determine whether to conduct an evidentiary hearing on the amount of damages under FRCP 55(b)(2). An evidentiary hearing is not necessary where the plaintiff seeks minimum statutory damages. *See Broadcast Music*, *supra*, 555 F.Supp.2d at 544; *see also Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F3d 182, 189 (2nd Cir. 2015); *AngioDynamics, Inc. v. Biolitec AG*, 780 F3d 429, 436-437 (1st Cir. 2015). Consequently, Plaintiffs do not believe an evidentiary hearing is necessary in this case.

[3] The true measure of damages is doubtless much, much greater. Radaris.com includes profiles on nearly

be astronomical (between $45 million and $6 billion). Instead Plaintiffs requests that the Court enter judgment based on Defendants' admission in 2015 that it sold at least 75,000 reports, which yields statutory damages of $7,500,000.[4] *Cf. United States v. Instant Checkmate, Inc.*, S.D. Cal., Apr. 1, 2014 (approving consent order including $525,000 in civil penalties in FCRA alleging similar violations also against a people-search website).[5]

**2. Injunctive Relief**

Plaintiffs and the Class also seek injunctive relief, which they are entitled to under the FCRA; CCRAA, Cal. Civ. Code 1785.31(b); and Cal. Bus. & Prof. Code § 17203. *See Andrews v. Trans Union Corp*., 7 F. Supp. 2d 1056, 1084 (C.D. Cal. 1998) (finding availability of injunctive relief for consumer-reporting violations under the FCRA and the UCL); *Engelbrecht v. Experian Info. Servs., Inc.*, No. EDCV 12-01547 VAP, 2012 WL 10424896, at *5 (C.D. Cal. Nov. 6, 2012)(same); *Beaudry v. TeleCheck Servs., Inc*., 579 F.3d 702, 709 (6th Cir. 2009)(same); *Ramirez v. Trans Union, LLC*, 899 F.Supp.2d 941, 947 (N.D. Cal. 2012) (recognizing the availability of injunctive relief under California consumer-reporting law). *See also Berry v. Schulman*, 807 F.3d 600, 607 (4th Cir. 2015)(approving settlement granting consumers with "FCRA-like protections" on behalf of a nationwide class of approximately 200 million persons).

District courts regularly grant injunctive relief as part of default judgments. *See, e.g.*, *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1178 (C.D. Cal. 2002).

Plaintiffs respectfully request an order enjoining Radaris from operating its website radaris.com, together with all companion websites that disseminate information about class members that are operated by Defendants. These websites exist to profit from violations of the FCRA, ICRAA, CCRAA, UCL, California Civil Code section 3344, and California

---

everyone in the United States, and the Complaint alleges multiple violations of the FCRA (Counts 1-5).

[4] In the alternative, the Court could authorize a claims-submission process and enter judgment for statutory damages based on the number of class members who submit claims.

[5] Plaintiffs respectfully request that the Court take judicial notice of the filings in *In the Matter of Filiquarian Publishing, LLC, et al.*, Case No. C-4401 ("*Filiquarian Publishing*") and *US v. Instant Checkmate, Inc.*, Case No. 14-CV-0675 ("*Instant Checkmate*") (*see* Kachadoorian Decl., Exs. D-F) pursuant to Federal Rule of Evid. 201 because they are part of the court file in a government proceeding and are relevant to the issue of Defendants' liability as a credit reporting agency under the FCRA and the appropriate remedy. *See Rosales-Martinez v. Palmer*, 753 F. 3d 890, 894 (9th Cir. 2014) ("It is well established that we may take judicial notice of judicial proceedings in other courts.").

misappropriation-of-likeness law, and are thus illegal. An order requiring Defendants to take down these websites would advance the purpose of this action to prevent the dissemination of further information regarding class members without ensuring the accuracy of the information and prevent dissemination of information to third parties who lack a proper purpose for receiving such information. The removal of these websites also protects the California Subclass from having their names and likenesses disseminated without their permission.

In the alternative to ordering the removal of the websites, Plaintiffs requests an order requiring Defendants to comply with the FCRA, ICRAA, CCRAA, UCL, California Civil Code section 3344, and California misappropriation-of-likeness law, as described in detail in the concurrently lodged Proposed Judgment. As part of this relief, Plaintiffs request an order enjoining Defendants from disclaiming compliance with or liability under the FCRA or other consumer-reporting laws. This alternative relief is consistent with, and in fact mirrors, the consent orders between the Federal Trade Commission (FTC) and two other data aggregators that were charged with substantially similar violations of the FCRA. (*See* Kachadoorian Decl., Ex. D-F.)

**CONCLUSION**

In sum, Plaintiffs respectfully request that the Court enter judgment (a) awarding the Class $7,500,000 in statutory damages, and (b) enjoining Defendants from operating radaris.com and companion websites, or granting the alternative injunctive relief described in the Proposed Judgment lodged concurrently herewith.

DATED: September 29, 2016

COUNSELONE, PC

By *_/s/ Justin Kachadoorian_*
Anthony J. Orshansky
Alexandria R. Kachadoorian
Justin Kachadoorian
Attorneys for Plaintiffs and the Class