1  ANTHONY J. ORSHANSKY, SBN 199364
   anthony@counselonegroup.com
2  ALEXANDRIA R. KACHADOORIAN, SBN 240601
   alexandria@counselonegroup.com
3  JUSTIN KACHADOORIAN, SBN 260356
   justin@counselonegroup.com
4  COUNSELONE, P.C.
   9301 Wilshire Boulevard, Suite 650
5  Beverly Hills, California 90210
   Telephone: (310) 277-9945
6  Facsimile: (424) 277-3727

7  Attorneys for Plaintiffs JOHN HUEBNER and IRMIN
   LANGTON, on behalf of themselves and others similarly
8  situated

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HUEBNER and IRMIN LANGTON, on behalf of themselves and others similarly situated, | Case No. 3:14-cv-04735-VC |
| | [Assigned to the Honorable Vince Chhabria] |
| Plaintiffs, | **[CLASS ACTION]** |
| v. | **[PROPOSED] DEFAULT JUDGMENT** |
| RADARIS, LLC, a Massachusetts limited liability company; RADARIS AMERICA, INC., a Delaware corporation; and EDGAR LOPIN, an individual, | Hearing Date: November 17, 2016<br>Hearing Time: 10:00 a.m.<br>Courtroom: 4<br>Judge: Hon. Vince Chhabria |
| Defendants. | |

| | |
|---|---|
| 1 | **[PROPOSED] DEFAULT JUDGMENT** |
| 2 | The Court has reviewed the papers submitted by John Huebner and Irmin Langton |
| 3 | ("Plaintiffs"), on behalf of themselves and the certified Class they represent, for Default Judgment |
| 4 | against defendants Radaris America, Inc. ("Radaris America"), Radaris, LLC ("Radaris") and Edgar |
| 5 | Lopin ("Lopin") (together, "Defendants"). |

The Court enters a default judgment on behalf of the following class and subclass:

**FCRA Class:** All persons in the United States who have had information relating to their credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living compiled and displayed by Radaris from four years prior to the filing of the Complaint to the date judgment is entered.

**California Subclass:** All California residents whose names, photographs, or likenesses, or the names, photographs, or likenesses of their deceased personalities, Radaris has used on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services, without prior consent from the person or persons, from four years prior to the filing of the Complaint to the date judgment is entered.

Notice was directed to class members pursuant to Fed. R. Civ. P. 23 and in accordance with the Court's order. (Dkt. No. 44.) No one has opted out of the class.

## I. LIABILITY

The Court enters a default judgment as follows:

1. Defendants are a consumer reporting agency pursuant to 15 U.S.C. § 1681a(f), 15 U.S.C. § 1681a(d)(1), and 15 U.S.C. § 1681a(e) and a nationwide specialty consumer reporting agency under 15 U.S.C. § 1681a(w).

2. Defendants failed to maintain reasonable procedures to limit the furnishing of consumer reports for permissible purposes under 15 U.S.C. § 1681b(a), and failed to limit the furnishing of reports to those who had a permissible purpose to use such a report under 15 U.S.C. § 1681e(a).

3. Defendants have furnished consumer reports for employment purposes but have failed to make the FCRA disclosures required by 15 U.S.C. § 1681b.

4. Defendants failed to provide Furnisher Notices to Furnishers and User Notices to Users as required by the FCRA under 15 U.S.C. § 1681e(d)(1), 1681e(d)(2), 15 U.S.C. § 1681e(d)(1), and 15 U.S.C. § 1681e(b).

1

5.      Defendants violated Section 15 U.S.C. § 1681g and 15 U.S.C. § 1681h of the FCRA by failing to disclose to Plaintiffs and other members of the Class, among other things, all the information in their files when they request file disclosures, failing to disclose the sources of that information, failing to identify each person who procured a consumer report, and failing to provide them with a summary of rights prepared by the Bureau of Consumer Financial Protection.

6.      Defendants violated Section 15 U.S.C. § 1681i of the FCRA by failing, upon notification by Plaintiffs and other members of the Class, to conduct a reasonable reinvestigation to determine whether disputed information contained in their consumer reports was inaccurate, delete or modify this information within 30 days, and notify Plaintiffs and other members of the Class of the result of the reinvestigation consistent with 15 U.S.C. § 1681i(a)(6)(B).

7.      Defendants failed to post a toll-free telephone number on the Radaris website through which consumers can request free annual file disclosures, in violation of 15 U.S.C. §§ 1681j(a)(1)(C), 1681e(d) and 1681e(b), and 12 C.F.R. §§ 1022.130 *et seq.*

8.      With respect to the California sub-class, Defendants violated numerous provisions of California's Investigative Consumer Reporting Agencies Act, including California Civil Code Sections 1785.10(a)-(e), 1785.11(a) and (b), 1785.14(a) and (b), 1786.10(c), 1786.11, and Cal. Civ. 1786.10(b), 1786.12, 1785.15, 1785.16, 1785.18(b), 1785.18(a), and 1786.24.

9.      Also with respect to the California subclass, Defendants have knowingly used the names, photographs, or likenesses, of Plaintiffs and other California consumers and deceased personalities for purposes of advertising and selling background checks and subscriptions and also attracting third-party advertisers whose ads appear on profile pages.

**II.    RELIEF**

1.      The Court enters judgment against Defendants, jointly and severally, for seven million five hundred thousand dollars and zero cents ($7,500,000.00).

2.      Defendants are ordered to pay post-judgment interest on the judgment amount from the date of this Judgment until the judgment amount is paid in full.  Such interest shall be calculated pursuant to 28 U.S.C. § 1961.

3. Defendants, Defendants' officers, agents, servants, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are immediately ordered to take down and remove from public view the website radaris.com and all other websites that display, publish, or disseminate information about class members that are operated by Defendants. Defendants shall not disclose or disseminate, or cause to be disclosed or disseminated, any information in their possession about class members to any third party.

**[OR]**

3. Defendants, Defendants' officers, agents, servants, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from:

   a. Furnishing a consumer report to any person which Defendants do not have reason to believe has a permissible purpose under Section 604(a) of the FCRA, 15 U.S.C. § 1681b(a);

   b. Failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under Section 604(c) of the FCRA, 15 U.S.C. § 1681b(a), as set forth in Section 607(a) of the FCRA, 15 U.S.C. § 1681e(a);

   c. Failing to maintain reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom a consumer report relates, as required by Section 607(b) of the FCRA, 15 U.S.C. § 1681e(b);

   d. Failing to provide the "Notice to Users of Consumer Reports: Obligations of Users Under the FCRA" ("User Notice") required by Section 607(d) of the FCRA, 15 U.S.C. § 1681e(d), to all users of Defendants' consumer reports;

   e. Failing to provide the Notice to Furnishers of Information: Obligations of Furnishers Under the FCRA ("Furnisher Notice") required by Section 607(d) of the FCRA, 15 U.S.C. § 1681e(d), to all furnishers of consumer report information to respondents;

   f. Failing to comply with the provisions of California's Investigative Consumer Reporting Agencies Act, including California Civil Code Sections 1785.10(a)-(e), 1785.11(a) and

3

(b), 1785.14(a) and (b), 1786.10(c), 1786.11, and Cal. Civ. 1786.10(b), 1786.12, 1785.15, 1785.16, 1785.18(b), 1785.18(a), and 1786.24;

    g. Using the names, photographs, or likenesses, of Plaintiffs and other California Subclass members and deceased personalities for purposes of advertising and selling background checks and subscriptions and attracting third-party advertisers whose ads appear on profile pages; and

    h. Disclaiming compliance with or the applicability of any state or federal consumer-reporting law, including the FCRA, ICRAA, and CCRAA, in any representations made to the public.

    i. Within 30 days of this Judgment, Defendants shall remove from the Internet any website that violates the foregoing prohibitions.

4. Class counsel shall post a copy of this Judgment on the website devoted to this action.

5. There is no reason for delay in the entry of judgment against Defendants and judgment is appropriately entered pursuant to Fed. R. Civ. P. 54(b).

**IT IS SO ORDERED.**

DATED: _____  _____
                                                          The Honorable Vince Chhabria
                                                          Judge of the U.S. District Court