1
2
3
4
5
6

ANTHONY J. ORSHANSKY, SBN 199364
anthony@counselonegroup.com
ALEXANDRIA R. KACHADOORIAN, SBN 240601
alexandria@counselonegroup.com
JUSTIN KACHADOORIAN, SBN 260356
justin@counselonegroup.com
COUNSELONE, P.C.
9301 Wilshire Boulevard, Suite 650
Beverly Hills, California 90210
Telephone: (310) 277-9945
Facsimile: (424) 277-3727

7
8

Attorneys for Plaintiffs JOHN HUEBNER and IRMIN
LANGTON, on behalf of themselves and others similarly
situated

9

10

UNITED STATES DISTRICT COURT

11

FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13
14
15
16
17
18
19
20
21

| | |
|---|---|
| JOHN HUEBNER and IRMIN LANGTON, on behalf of themselves and others similarly situated, | Case No. 3:14-cv-04735-VC |
| | [Assigned to the Honorable Vince Chhabria] |
| Plaintiffs, | **[CLASS ACTION]** |
| v. | **REVISED [PROPOSED] DEFAULT JUDGMENT** |
| RADARIS, LLC, a Massachusetts limited liability company; RADARIS AMERICA, INC., a Delaware corporation; and EDGAR LOPIN, an individual, | |
| Defendants. | |

22
23
24
25
26
27
28

**[PROPOSED] DEFAULT JUDGMENT**

1

2      The Court has reviewed the papers submitted by John Huebner and Irmin Langton

3  ("Plaintiffs"), on behalf of themselves and the certified Class they represent, for Default Judgment

4  against defendants Radaris America, Inc. ("Radaris America"), Radaris, LLC ("Radaris") and Edgar

5  Lopin ("Lopin") (together, "Defendants").

6      The Court enters a default judgment on behalf of the following class and subclass:

7          **FCRA Class:**  All persons in the United States who have had information relating to
           their credit worthiness, credit standing, credit capacity, character, general reputation,
           personal characteristics, or mode of living compiled and displayed by Radaris from
8          four years prior to the filing of the Complaint to the date judgment is entered.

9          **California Subclass:**  All California residents whose names, photographs, or
           likenesses, or the names, photographs, or likenesses of their deceased personalities,
10         Radaris has used on or in products, merchandise, or goods, or for purposes of
           advertising or selling, or soliciting purchases of, products, merchandise, goods, or
11         services, without prior consent from the person or persons, from four years prior to
           the filing of the Complaint to the date judgment is entered.
12

13     Notice was directed to class members pursuant to Fed. R. Civ. P. 23 and in accordance with

14  the Court's order.  (Dkt. No. 44.)  No one has opted out of the class.

15  **I.      LIABILITY**

16     The Court enters a default judgment as follows:

17     1.     Defendants are a consumer reporting agency pursuant to 15 U.S.C. § 1681a(f), 15

18  U.S.C. § 1681a(d)(1), and 15 U.S.C. § 1681a(e) and a nationwide specialty consumer reporting

19  agency under 15 U.S.C. § 1681a(w).

20     2.     Defendants failed to maintain reasonable procedures to limit the furnishing of

21  consumer reports for permissible purposes under 15 U.S.C. § 1681b(a), and failed to limit the

22  furnishing of reports to those who had a permissible purpose to use such a report under 15 U.S.C. §

23  1681e(a).

24     3.     Defendants have furnished consumer reports for employment purposes but have

25  failed to make the FCRA disclosures required by 15 U.S.C. § 1681b.

26     4.     Defendants failed to provide Furnisher Notices to Furnishers and User Notices to

27  Users as required by the FCRA under 15 U.S.C. § 1681e(d)(1), 1681e(d)(2), 15 U.S.C. §

28  1681e(d)(1), and 15 U.S.C. § 1681e(b).

1

5.      Defendants violated Section 15 U.S.C. § 1681g and 15 U.S.C. § 1681h of the FCRA by failing to disclose to Plaintiffs and other members of the Class, among other things, all the information in their files when they request file disclosures, failing to disclose the sources of that information, failing to identify each person who procured a consumer report, and failing to provide them with a summary of rights prepared by the Bureau of Consumer Financial Protection.

6.      Defendants violated Section 15 U.S.C. § 1681i of the FCRA by failing, upon notification by Plaintiffs and other members of the Class, to conduct a reasonable reinvestigation to determine whether disputed information contained in their consumer reports was inaccurate, delete or modify this information within 30 days, and notify Plaintiffs and other members of the Class of the result of the reinvestigation consistent with 15 U.S.C. § 1681i(a)(6)(B).

7.      Defendants failed to post a toll-free telephone number on the Radaris website through which consumers can request free annual file disclosures, in violation of 15 U.S.C. §§ 1681j(a)(1)(C), 1681e(d) and 1681e(b), and 12 C.F.R. §§ 1022.130 *et seq.*

8.      With respect to the California sub-class, Defendants violated numerous provisions of California's Investigative Consumer Reporting Agencies Act, including California Civil Code Sections 1785.10(a)-(e), 1785.11(a) and (b), 1785.14(a) and (b), 1786.10(c), 1786.11, and Cal. Civ. 1786.10(b), 1786.12, 1785.15, 1785.16, 1785.18(b), 1785.18(a), and 1786.24.

9.      Also with respect to the California subclass, Defendants have knowingly used the names, photographs, or likenesses, of Plaintiffs and other California consumers and deceased personalities for purposes of advertising and selling background checks and subscriptions and also attracting third-party advertisers whose ads appear on profile pages.

**II.      RELIEF**

1.      The Court enters judgment against Defendants, jointly and severally, for seven million five hundred thousand dollars and zero cents ($7,500,000.00).

2.      Defendants are ordered to pay post-judgment interest on the judgment amount from the date of this Judgment until the judgment amount is paid in full.  Such interest shall be calculated pursuant to 28 U.S.C. § 1961.

3.      Injunctive relief as follows:

2

1           a.      Defendants, Defendants' officers, agents, servants, employees, and all other

2 persons in active concert or participation with any of them, or third parties providing services used

3 in connection with Defendants' operations who receive actual notice of this Judgment, including

4 but not limited to domain name registrars, domain name registries, website hosts, internet search

5 engines, and internet service providers, whether acting directly or indirectly, are immediately

6 ordered to cease hosting, using, linking to, transferring, selling, facilitating access to, exercising

7 control over, or otherwise owning the domain name radaris.com, radaris.net, radaris.us, radaris.biz,

8 radaris.info, radaris.org, trustoria.com, and all other websites that display, publish, or disseminate

9 information about class members that are operated by Defendants ("Subject Domain Names").

10           b.      All website hosting, website optimization, website service provider, or cloud

11 computing service (including but not limited to Amazon, Microsoft, Cisco, Google,, Oracle,

12 Verizon, Rackspace, and Cogeco Peer 1), and any other entity or person that provides services to or

13 in connection with the Subject Domain Names shall cease all website services made in connection

14 with the Subject Domain Names.  All web service or cloud computing service (including but not

15 limited to Amazon, Microsoft, Cisco, Google, Oracle, Verizon, and Rackspace) shall cease housing

16 and shall delete all databases underlying the Subject Domain Names or used by the Subject Domain

17 Names.  Defendants shall permanently delete all copies of data stored, used, or collected and made

18 available through the Subject Domain Names, and shall cease collecting, assembling, and displaying

19 such data on the Subject Domain Names or elsewhere.

20           c.      The domain name registrars for the Subject Domain Names (including but

21 not limited to Godaddy.com) shall transfer to Plaintiffs the domain name certificates for the Subject

22 Domain Names and/or shall transfer exclusive control of the Subject Domain Names to Plaintiffs.

23 The domain name registrars for the Subject Domain Names shall immediately assist in changing the

24 registrar of record for such domains to a registrar of Plaintiffs' choosing.  To the extent that the

25 registrars do not assist in changing the registrars of record for the domains under their control within

26 one (1) business day of receipt of this Judgment, the top-level domain (TLD) registrars (or their

27 administrators) for the Subject Domain Names within five (5) business days of receipt of this

28 Judgment shall change or assist in changing the registrars of record for the Subject Domain Names

3

to a registrar of Plaintiffs' choosing.  Plaintiffs may thereafter elect to direct the registrar to institute a domain name redirection that will automatically redirect any visitor to the Subject Domain Names to the uniform resource locator (URL) http://radarisclassaction.com, whereon copies of this Judgment and other documents related to this case are displayed, and place the Subject Domain Names on lock status to prevent the modification of deletion of the domains.  To the extent that the TLD registrars for the Subject Domain Names do not change the registrars of record for the Subject Domain Names, the domain name registries shall transfer or assist in transferring the Subject Domain Names to Class Counsel.

d.      Plaintiffs may enter the Subject Domain Names into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by Defendants which redirect traffic to a new domain name or website and thereby evade the provisions of this Order.

e.      The privacy protection service of radaris.com or related domains for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information is ordered to disclose to Class Counsel the true names and identities and contact information of those registrants.  Defendants shall not disclose or disseminate, or cause to be disclosed or disseminated, any information in their possession about class members to any third party.

f.      All banks, savings and loan associations, payment processors or other financial institutions, payment providers, third-party payment processors, including but not limited to Bank of America, Wells Fargo, Citibank, JP Morgan Chase, American Express, Capital One, PayPal, Discover, and all advertising service providers of Defendant (including but not limited to Google, Apple, Facebook, LinkedIn, and Instagram) upon receiving notice of this Order, immediately locate all accounts connected to Defendants or radaris.com and all other websites that display, publish, or disseminate information about class members that are operated by Defendants, and immediately cease transferring or disposing of any money or other assets residing in such accounts, cease allowing such funds to be transferred or withdrawn, and cease allowing any diminutions to be made by Defendants from such accounts pending further order of this Court.

g.      All advertising service providers of Defendants, including but not limited to Google, Inc. and Apple, Inc., shall cease all advertising for radaris.com and all other websites that display, publish, or disseminate information about class members that are operated by Defendants, including but not limited to ceasing all advertisements through Google AdWords advertisements, iTunes, or Google Play, and shall cease offering for sale any applications that display, publish, or disseminate information about class members that are operated by Defendants.

4.   Class counsel shall post a copy of this Judgment on the website devoted to this action.

5.      There is no reason for delay in the entry of judgment against Defendants and judgment is appropriately entered pursuant to Fed. R. Civ. P. 54(b).

**[OR]**

3.      Defendants, Defendants' officers, agents, servants, employees, and all other persons in active concert or participation with any of them, or third parties providing services used in connection with Defendants' operations who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from:

a.   Furnishing a consumer report to any person which Defendants do not have reason to believe has a permissible purpose under Section 604(a) of the FCRA, 15 U.S.C. § 1681b(a);

b.   Failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under Section 604(c) of the FCRA, 15 U.S.C. § 1681b(a), as set forth in Section 607(a) of the FCRA, 15 U.S.C. § 1681e(a);

c.   Failing to maintain reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom a consumer report relates, as required by Section 607(b) of the FCRA, 15 U.S.C. § 1681e(b);

d.   Failing to provide the "Notice to Users of Consumer Reports: Obligations of Users Under the FCRA" ("User Notice") required by Section 607(d) of the FCRA, 15 U.S.C. § 1681e(d), to all users of Defendants' consumer reports;

e.  Failing to provide the Notice to Furnishers of Information: Obligations of Furnishers Under the FCRA ("Furnisher Notice") required by Section 607(d) of the FCRA, 15 U.S.C. § 1681e(d), to all furnishers of consumer report information to respondents;

f.  Failing to comply with the provisions of California's Investigative Consumer Reporting Agencies Act, including California Civil Code Sections 1785.10(a)-(e), 1785.11(a) and (b), 1785.14(a) and (b), 1786.10(c), 1786.11, and Cal. Civ. 1786.10(b), 1786.12, 1785.15, 1785.16, 1785.18(b), 1785.18(a), and 1786.24;

g.  Using the names, photographs, or likenesses, of Plaintiffs and other California Subclass members and deceased personalities for purposes of advertising and selling background checks and subscriptions and attracting third-party advertisers whose ads appear on profile pages; and

h.  Disclaiming compliance with or the applicability of any state or federal consumer-reporting law, including the FCRA, ICRAA, and CCRAA, in any representations made to the public.

6.    Defendants shall file with the Court a statement that it has complied with this Judgment, together with proof thereof, within 30 days of the date of entry of this Judgment.  If Defendants fail to provide such notice, then the following injunction shall issue:

a.    Defendants, Defendants' officers, agents, servants, employees, and all other persons in active concert or participation with any of them, or third parties providing services used in connection with Defendants' operations who receive actual notice of this Judgment, including but not limited to domain name registrars, domain name registries, website hosts, internet search engines, and internet service providers, whether acting directly or indirectly, are immediately ordered to cease hosting, using, linking to, transferring, selling, facilitating access to, exercising control over, or otherwise owning the domain name radaris.com, radaris.net, radaris.us, radaris.biz, radaris.info, radaris.org, trustoria.com, and all other websites that display, publish, or disseminate information about class members that are operated by Defendants ("Subject Domain Names").

b.    All website hosting, website optimization, website service provider, or cloud computing service (including but not limited to Amazon, Microsoft, Cisco, Google, Oracle, Verizon,

Rackspace, and Cogeco Peer 1) and any other entity or person that provides services to or in connection with the Subject Domain Names shall cease all website services made in connection with the Subject Domain Names.  All web service or cloud computing service (including but not limited to Amazon, Microsoft Corp., Cisco, Google, Oracle, Verizon, and Rackspace) shall cease housing and shall delete all databases underlying the Subject Domain Names or used by the Subject Domain Names.  Defendants shall permanently delete all copies of data stored, used, or collected and made available through the Subject Domain Names, and shall cease collecting, assembling, and displaying such data on the Subject Domain Names or elsewhere.

c.	The domain name registrars for the Subject Domain Names (including but not limited to Godaddy.com) shall transfer to Plaintiffs the domain name certificates for the Subject Domain Names and/or shall transfer exclusive control of the Subject Domain Names to Plaintiffs. The domain name registrars for the Subject Domain Names shall immediately assist in changing the registrar of record for such domains to a registrar of Class Counsel's choosing.  To the extent that the registrars do not assist in changing the registrars of record for the domains under their control within one (1) business day of receipt of this Judgment, the top-level domain (TLD) registrars (or their administrators) for the Subject Domain Names within five (5) business days of receipt of this Judgment shall change or assist in changing the registrars of record for the Subject Domain Names to a registrar of Class Counsel's choosing.  Plaintiffs may thereafter elect to direct the registrar to institute a domain name redirection that will automatically redirect any visitor to the Subject Domain Names to the uniform resource locator (URL) http://radarisclassaction.com, whereon copies of this Judgment and other documents related to this case are displayed, and place the Subject Domain Names on lock status to prevent the modification of deletion of the domains.  To the extent that the TLD registrars for the Subject Domain Names do not change the registrars of record for the Subject Domain Names, the domain name registries shall transfer or assist in transferring the Subject Domain Names to Class Counsel.

d.	Plaintiffs may enter the Subject Domain Names into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by Defendants which redirect traffic to a new domain name or website and thereby evade the provisions of this Order.

7

   e. The privacy protection service of radaris.com or related domains for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information is ordered to disclose to Class Counsel the true names and identities and contact information of those registrants.  Defendants shall not disclose or disseminate, or cause to be disclosed or disseminated, any information in their possession about class members to any third party.

   f. All banks, savings and loan associations, payment processors or other financial institutions, payment providers, third-party payment processors, including but not limited to Bank of America, Wells Fargo, Citibank, JP Morgan Chase, American Express, Capital One, PayPal, Discover, and all advertising service providers of Defendant (including but not limited to Google, Apple, Facebook, LinkedIn, and Instagram) upon receiving notice of this Order, immediately locate all accounts connected to Defendants or radaris.com and all other websites that display, publish, or disseminate information about class members that are operated by Defendants, and immediately cease transferring or disposing of any money or other assets residing in such accounts, cease allowing such funds to be transferred or withdrawn, and cease allowing any diminutions to be made by Defendants from such accounts pending further order of this Court.

   g. All advertising service providers of Defendants, including but not limited to Google, Inc. and Apple, Inc., shall cease all advertising for radaris.com and all other websites that display, publish, or disseminate information about class members that are operated by Defendants, including but not limited to ceasing all advertisements through Google AdWords advertisements, iTunes, or Google Play, and shall cease offering for sale any applications that display, publish, or disseminate information about class members that are operated by Defendants.

   5. Class counsel shall post a copy of this Judgment on the website devoted to this action.

   6. There is no reason for delay in the entry of judgment against Defendants and judgment is appropriately entered pursuant to Fed. R. Civ. P. 54(b).

   **IT IS SO ORDERED.**

DATED: _____

             _____
             The Honorable Vince Chhabria
8            Judge of the U.S. District Court