Matthew Shayefar, Esq. (SBN 289685)
Boston Law Group, PC
925 N La Brea Ave
West Hollywood, California 90038
Tel: 617-928-1806
Fax: 617-928-1802
matt@bostonlawgroup.com

Val Gurvits, Esq. (*pro hac vice* forthcoming)
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1804
Fax: 617-928-1802
vgurvits@bostonlawgroup.com

Attorneys for Non-Parties Accuracy Consulting Ltd. and Bitseller Expert Limited

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HUEBNER and IRMIN LANGTON, on behalf of themselves and other similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>RADARIS, LLC, a Massachusetts limited liability company;<br>RADARIS AMERICA, INC., a Delaware corporation; and<br>EDGAR LOPIN, an individual,<br><br>    Defendants. | Case No. 3:14-cv-04735-VC<br><br>[Assigned to the Honorable Vince Chhabria]<br><br>**NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION FOR RELIEF FROM DEFAULT JUDGMENT**<br><br>Hearing Date:  TBD<br>Hearing Time:  TBD<br>Courtroom:      4<br>Judge:          Hon. Vince Chhabria |

# NOTICE OF MOTION

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE**, that at such date and time as the Court may set to be heard before the Honorable Vince Chhabria of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California 94102, Courtroom 4, Non-Parties Accuracy Consulting Ltd. and Bitseller Expert Limited ("Movants"), will and hereby do move this Court for *emergency* relief from the default judgment entered into this case on the basis that the actual owner of the radaris.com domain name and the actual operator of the website at radaris.com were not named as parties in this action, were not served in this action, and were not afforded an opportunity to litigate the merits of this action before their property was taken. Movants' due process rights have been violated and the default judgment should be modified or vacated pursuant to Rule 60. Accordingly, Movants request that this court issue an emergency injunction returning control of the domain name and website to Movants, as Movants suffer staggering damages while the domain name and website are out of their control.[1]

This Motion is based upon this Notice, the accompanying memorandum of points and authorities, the supporting declarations filed herewith, the materials contained in the file of the Court, any matter of which the Court takes judicial notice, and any further evidence submitted at the time of the hearing or ruling, as the Court permits.

Dated: March 1, 2018                                             Boston Law Group, PC

                                                                By /s/ Matthew Shayefar
                                                                   Matthew Shayefar
                                                                   Attorneys for Movants

---

[1] Movants reserve the right to move the Court to fully vacate the default judgment for the reasons set forth herein, but at this time, given the emergency nature of the taking of the domain name and website, impress upon the Court the important nature of this limited request.

2
Emergency Motion for Relief from Default Judgment – 3:14-cv-04735-VC

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Non-parties Accuracy Consulting Ltd. ("Accuracy") and Bitseller Expert Limited ("Bitseller," and together with Accuracy, "Movants"),[2] by and through their undersigned counsel, hereby request this Court's emergency relief to reverse the transfer of the domain name radaris.com and website at the same address ordered transferred to Plaintiffs by this Court's Order Granting Motion for Default Judgment (Docket No. 52) (the "Order"). As detailed herein, the Order was obtained by filing the Complaint in this matter against the wrong parties, which counsel for Plaintiffs knew or should have known was the case. Accordingly, the Order has violated the due process rights of Movants. Moreover, the Order was obtained on false premises and has caused damage to the non-parties Movants, which have never been given the opportunity to defend against the false premises used by Plaintiffs' counsel to obtain Movants' property. As the domain name was recently transferred from the control of Accuracy, this Court's immediate and emergency attention is required to stem the untold damage perpetrated on Movants.[3] In support of this Motion, Movants further state as follows:

---

[2] Movants make this motion by special appearance and do not hereby consent to the jurisdiction of this Court. Without limiting the foregoing, should Movants ever be added to this lawsuit as parties and served, Movants reserve the right to move to dismiss for lack of personal jurisdiction.
[3] The radaris.com domain name began redirecting to Plaintiffs' website on or about February 26, 2018 and appeared to complete propagation on February 27, 2018. On February 28, 2018, in accordance with paragraph 4 of Judge Chhabria's Standing Order for Civil Cases, counsel for Movants emailed counsel for Plaintiffs to inform them of Movants' intent to seek emergency relief. *See* Shayefar Decl., filed herewith, ¶ 2 and Exhibit 1 thereto. As of the filing of this Motion, counsel for Plaintiffs had not responded to Movants' email. *Id.*

# FACTS

**I.   Defendants Do Not Own or Operate the Radaris.com Website or Domain Name**

The Complaint in this matter was filed on October 24, 2014.  Docket No. 1.  The Complaint was filed against Radaris, LLC, a Massachusetts limited liability company ("Radaris MA"), Radaris America Inc., a Delaware corporation ("Radaris DE"), and Edgar Lopin, an individual ("Mr. Lopin").  The Complaint alleges that Radaris MA and Radaris DE jointly operate the website at radaris.com.  Complaint, ¶ 1.  It alleges that Mr. Lopin was a managing officer of Radaris MA and Radaris DE and that he "runs and operates and is therefore responsible for the content on the website radaris.com."  *Id.*, ¶ 10.  Even a minimal amount of research by Plaintiffs would have indicated that these allegations were incorrect, and it is certain that Plaintiffs knew them to be incorrect at the time of the filing of the Complaint and at all times thereafter, including when Plaintiffs applied for default judgment on September 29, 2016 (Docket No. 46).

At the time of the filing of the Complaint, Radaris MA has already been a cancelled entity in Massachusetts for nearly 10 months, citing in its filings with the Secretary of the Commonwealth of Massachusetts that it "was not able to secure and provide public relations and marketing services objectives as initially set at organization.  No funding."  *See* Exhibit 2 to the Declaration of Matthew Shayefar in Support of Emergency Motion ["Shayefar Decl."], filed herewith.  The Certificate of Cancellation for Radaris MA was filed on December 12, 2013.  *Id.*  The Complaint was filed on October 24, 2014.  Accordingly, it is obvious that Radaris MA could not have owned or operated the website at radaris.com.

Radaris DE was also not the owner or operator of the website at radaris.com or the registrant of that domain name at the time of the filing of the Complaint or at any time since. This is also easily confirmable by looking at public documents and information.

For instance, the Terms of Use for the radaris.com website, at the filing of the Complaint, stated explicitly "OPERATING COMPANY: Radaris is operated by Bitseller Expert LIMITED, Nicosia Cyprus." *See* screenshot from Internet Archive Wayback Machine from October 22, 2014, Exhibit 3 to Shayefar Decl. Up until February 26, 2018, right before Plaintiffs took control of the domain name and website this exact same language appeared on the Terms of Use for the radaris.com website. *See* Exhibit 4 to Shayefar Decl. The Terms of Use, both back at the filing of the Complaint and until recently, very specifically indicated the limited relevance Radaris DE had to the website, stating: "Public Relations Agency: Radaris has a public relations agency located in the US. All public relations inquires should be sent to Radaris America, Inc, 831 Beacon Street, Ste 129, Newton Center, MA 02459 USA." *See* Exhibits 3 and 4 to Shayefar Decl.[4] It is obvious that Plaintiffs would have reviewed the Terms of Use for the radaris.com website given how often they site to other portions of the website in the Complaint. *See* Complaint, footnotes 1-8.

The domain name for radaris.com was similarly not owned or registered to any of the Defendants, which again would have been easily confirmed by Plaintiffs had they performed a publicly accessible WhoIs search on the domain name. Around the timing of the filing of the Complaint, the radaris.com domain name was registered to Movant Accuracy. *See* Exhibits 6-7 to Shayefar Decl. The same was true when Plaintiffs filed for their default judgment. *See*

---

[4] The same language was on the website approximate to the time that Plaintiffs filed their Motion for Default Judgment on September 29, 2016. *See* printout from Internet Archive Wayback Machine from September 23, 2016, Exhibit 5 to Shayefar Decl.

1 Exhibit 8 to Shayefar Decl.  The same was true as of February of 2018 around when Plaintiffs
2 forcibly took control of the domain name.  See Exhibit 9 to Shayefar Decl.  None of the
3 Defendants were the registrants (e.g. owners) of the radaris.com domain name.

4      As shown above, the operator of the website and owner of the domain name were at all
5 relevant times, as confirmable by easily accessible public records, **NOT** any of the Defendants
6 named in this action.  However, to the extent further confirmation of the foregoing is necessary,
7 filed herewith is a declaration on behalf of Bitseller.  See, generally, Declaration of Bitseller
8 Expert Limited in Support of Emergency Motion for Relief from Default Judgment ["Bitseller
9 Decl."], filed herewith.[5]

## II. Plaintiffs Obtained a Default Judgment Against the Property of Persons Not Parties to this Litigation

12      Notwithstanding the foregoing, on September 29, 2016, Plaintiffs moved this court for
13 default judgment against Defendants (Docket No. 46) on the basis of misrepresentations and this
14 Court granted Default Judgment on the basis of Plaintiffs' misrepresentations on June 19, 2017
15 (Docket No. 52).

16      The Order grants extraordinary injunctive relief against the website operated by Bitseller
17 and the domain name owned by Accuracy.  Without limitation, the Order requires that all service
18 providers of the radaris.com domain name and website cease providing services (including the
19 domain name registrar and hosting provider) and that the domain name registration be
20 transferred to the control of Plaintiffs.  Order, ¶¶ 5(a)-(c).  As part of the Order, this Court stated

---

[5] In case it was not obvious from the publicly accessible documents and information, Bitseller also confirms that Defendant Edgar Lopin was also not an operator of the radaris.com website or the registrant of the radaris.com domain name.  Bitseller Decl., ¶ 8.

that "Any third parties subject to this Order may seek relief from the Court if they believe the scope of injunctive relief requires clarification or correction." Order., p. 5.

On or about February 26, 2018, Movants lost control of the website at radaris.com because the domain name began pointing to another website. Bitseller Decl., ¶ 10. As a result of the domain name pointing to another website, Movants have suffered staggering losses to their businesses and reputations, and continue to suffer such damages as long as Movants do not have control over the radaris.com domain name and the website at radaris.com. *Id.*, ¶ 11. Since approximately February 26, the domain name has been moved under the control of Plaintiffs' counsel and redirects to the website for this litigation. *See* Shayefar Decl., ¶ 5.

As a result of the transfer of the registration of the radaris.com domain name, Accuracy has suffered a loss of its property without ever having been named in this lawsuit, much less served with the Complaint. And as a result of the transfer of the operation of the website at the radaris.com domain name, Bitseller's website was taken offline without ever having been named in this lawsuit, much less served with the Complaint.

**ARGUMENT**

**I.   The Taking of Movants' Property Without Notice and Opportunity for Hearing is a Violation of the Due Process Clause of the Constitution**

Movants' rights under the Due Process Clause of the U.S. Constitution have been violated as a result of the taking of their website and domain name without being served the Complaint (or even being named in the Complaint) and without being given an opportunity to litigate this case on the merits. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950) ("Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation

of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case."); *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003) ("Due process requires that all interested parties be given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered.").

When the interested parties are not even named in the Complaint, as is the case here, the concerns of due process violations are even graver and a judgment without adding the interested party violates principles at the very heart of American legal values. "All agree that '[i]t is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.'... This rule is part of our 'deep-rooted historic tradition that everyone should have his own day in court.'" *Martin v. Wilks*, 490 U.S. 755, 761-62 (1989) (quoting *Hansberry v. Lee*, 311 U.S. 32, 40 (1940) and 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4449, p. 417 (1981); other citations omitted). "A person who was not a party to a suit generally has not had a "full and fair opportunity to litigate" the claims and issues settled in that suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). *See*, *also*, *Mason v. Genisco Technology Corp.*, 690 F.2d 849, 851 (9th Cir. 1992) ("A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process." (citing *Yniguez v. Arizona*, 939 F.3d 727, 735 (9th Cir. 1991))).

Accordingly, because neither Accuracy nor Bitseller were served in this litigation nor were they even named as parties to this litigation, the judgment against them (namely, the default judgment that has taken their property and business), is in violation of due process. Therefore, the default judgment as it applies to them and their property must be vacated. At the very least,

given the emergency circumstances of the damage being perpetrated on Accuracy and Bitseller by the taking of the radaris.com domain name and website, this Court should immediately order that the domain name and website be returned to their control until such time as the remaining issues are resolved.[6]

**II.     Movants Should Be Relieved from the Default Judgment Pursuant to Rule 60(b)**

In addition to the due process concerns that counsel that the default judgment should be reversed or vacated (at least partially), there is sufficient basis pursuant to Federal Rule of Civil Procedure Rule 60(b) to grant relief to Movants.  Rule 60(b) permits the Court to grant relief from a final judgment for at least four applicable reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; ... or (6) any other reason that justifies relief."

First, there has obviously been a mistake (whether caused intentionally by Plaintiffs or not) as to the operator of the radaris.com website and the owner of the radaris.com domain name. This Court was under the impression that the domain name and website were owned and operated by the named Defendants in this case (who did not respond to the Complaint), and it is on that basis that it granted the injunctive relief that transferred ownership and operation of the domain name and website to Plaintiffs.  This impression was incorrect and therefore the injunctive relief should not have been granted.

Second, given the easily publicly available information about the actual owners and operators of the domain name and website (as detailed above), it is clear that Plaintiffs and their counsel have perpetrated fraud, misrepresentation and/or misconduct in order to obtain the

---

[6] Movants reserve the right to move for further relief on the basis of the arguments herein.

1   default judgment and control over the domain name and website.  Plaintiffs failed to name the
2   right parties to the lawsuit, despite it being explicitly listed on the radaris.com website.  Plaintiffs
3   failed to inform the Court as to the identity of the owners and operators despite it being easily
4   accessible public information.  Unperturbed by the foregoing, Plaintiffs continued forward,
5   providing to the Court the incorrect information so that they could obtain the domain name and
6   website from Movants without due process (and without even an attempt of serving the right
7   parties).  These actions and omissions constitute fraud, misrepresentation or, at the very least,
8   misconduct by Plaintiffs.

9         Third, the judgment is void as it applies to Movants.  *See In re Center Wholesale, Inc.*,
10  759 F.2d 1440, 1448 (9th Cir. 1985) (a judgment is void "if the court that rendered the judgment
11  lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner
12  inconsistent with due process of law"); *In re Cossio*, 163 B.R. 150, 154 (9th Cir. 1994) ("[T]here
13  is no discretion to refuse vacating a judgment if it is void.... When it is found that there has been
14  defective service of process, the judgment is void...."); *Mason v. Genisco Technology Corp.*, 960
15  F.2d 849, 851 (9th Cir. 1992) ("Hence, if Genisco failed to serve Mason properly in the earlier
16  action, the default judgment is void and has no res judicata effect in this action.").  Because
17  Movants were never served in this matter, the Court lacked jurisdiction over Movants, and
18  therefore the default judgment is void as to them.  Accordingly, their property may not be taken
19  by way of the void judgment.

20        Finally, there is ample other reason to reverse or vacate the default judgment as it applies
21  to the property and businesses of Movants.  Movants are not United States entities and therefore
22  it is doubtful that this Court could ever exercise jurisdiction over them and their properties even
23  if they were properly served – however that will never be determined if Plaintiffs are permitted
24

to take the domain name and website by obtaining defaults against the wrong parties. Moreover, *if* Plaintiffs ever properly name Movants as parties to this action, and *if* Plaintiffs ever properly serve Movants, and *if* this Court finds that it has personal jurisdiction over Movants and their property, then even then Movants are entitled to dispute the unproven allegations of Plaintiffs on the merits of this action. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (there is a "strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits"); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("We have articulated two policy concerns which guide our review of Allen's motion under Rule 60(b). First, Rule 60(b) is meant to be remedial in nature and therefore must be liberally applied.... Second, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." (citations omitted)).

Accordingly, under any of these four prongs of Rule 60(b), this Court should vacate, reverse or otherwise grant relief from the default judgment and return the radaris.com domain name and website to the control of Movants.

## CONCLUSION

On the basis of the foregoing, Movants request that this Court grant this Emergency Motion for Relief from Default Judgment and grant the requested relief set forth in the enclosed proposed order.

DATED: March 1, 2018                    Boston Law Group, PC

                                        By /s/ Matthew Shayefar
                                            Matthew Shayefar
                                            Attorneys for Movants