ANTHONY J. ORSHANSKY, Cal. Bar No. 199364
anthony@counselonegroup.com
ALEXANDRIA R. KACHADOORIAN, Cal. Bar No. 240601
alexandria@counselonegroup.com
JUSTIN KACHADOORIAN, Cal. Bar No. 260356
justin@counselonegroup.com
COUNSELONE, P.C.
9301 Wilshire Boulevard, Suite 650
Beverly Hills, California 90210
Telephone: (310) 277-9945
Facsimile: (424) 277-3727

Attorneys for Plaintiffs JOHN HUEBNER and IRMIN
LANGTON, on behalf of themselves and others similarly situated

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HUEBNER and IRMIN LANGTON, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> RADARIS, LLC, a Massachusetts limited liability company; RADARIS AMERICA, INC., a Delaware corporation; and EDGAR LOPIN, an individual, <br><br> Defendants. | Case No. 3:14-cv-04735-VC <br><br> [Assigned to the Honorable Vince Chhabria] <br><br> **[CLASS ACTION]** <br><br> **PLAINTIFFS' OBJECTIONS TO THE DECLARATION OF BITSELLER EXPERT LIMITED** |

Plaintiffs John Huebner and Irmin Langton (together, "Plaintiffs") hereby object to the Declarations of Eugene Lazarev on behalf of Bitseller Expert Limited filed in support of the Emergency Motion filed by Bitseller Expert Ltd. ("Bitseller") and Accuracy Consulting Ltd. ("Accuracy").

The Lazarev Declaration is fatally flawed in numerous respects. First, Lazarev provides no foundation for his assertions that: (1) Bitseller is a valid Cyprus corporation; (2) Bitseller operated the radaris.com website; (3) Accuracy was the registrant of radaris.com; (4) Radaris, LLC never owned or operated or was the registrant for radaris.com; and (5) Edgar Lopin never has run or operated or been the registrant for radaris.com. *See* Fed. R. Evid. 401-403; *Rogers v. Raymark Indus., Inc.*, 922 F. 2d 1426, 1430 (9th Cir. 1990) ("Rule 403 permits the court to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or needless presentation of cumulative evidence.") (citing Rule 403). Lazarev does not provide any evidence showing: what his role an job duties are at Bitseller, how he acquired knowledge of the information to which he attests, the dates and continued validity of the corporate existence of either Bitseller or Accuracy, where these entities supposedly are physically located, who works at these entities, what their relationship is to Lopin and the Radaris entities, the registrant history of radaris.com, what business Bitseller is engaged in and what business Accuracy is engaged in, the relationship between Accuracy and Bitseller, the history of ownership and operation of radaris.com, to whom and what entities revenue from radais.com flows, why he believes that Radaris America was a "public relations company" or anything about what functions it carries out. Nothing in the declaration suggests that Lazarev is knowledgeable about the facts regarding the website or inter-related corporations.

The Lazarev Declaration also consists of inadmissible hearsay. *See* Fed. R. Evid. 801-802; *Wagner v. County of Maricopa*, 706 F. 3d 942, 950 (9th Cir. 2012) ("Hearsay 'is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.'") (quoting Fed. R. Evid. 801(c)). Lazarev's assertions regarding the contents of the terms of use on radaris.com, the registration of radaris.com with Accuracy, the contents of a WhoIs record search, and the status of Radaris America, Radaris,

1

1 | LLC, and Lopin as owners and registrants of radaris.com all are hearsay for which no exception
2 | exists.
3 |     For the foregoing reasons, Plaintiffs respectfully request that the Court strike the Lazarev
4 | Declaration and not consider it as evidence.

6 | DATED: March 8, 2018                              COUNSELONE, PC

8 |                                         By  */s/ Alexandria R. Kachadoorian*
                                              Anthony J. Orshansky
                                              Alexandria R. Kachadoorian
                                              Justin Kachadoorian
                                              Attorneys for Plaintiffs and the Class