Matthew Shayefar, Esq. (SBN 289685)
Boston Law Group, PC
925 N La Brea Ave
West Hollywood, California 90038
Tel: 617-928-1806
Fax: 617-928-1802
matt@bostonlawgroup.com

Val Gurvits, Esq. (*pro hac vice* forthcoming)
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1804
Fax: 617-928-1802
vgurvits@bostonlawgroup.com

Attorneys for Non-Parties Accuracy Consulting Ltd.
and Bitseller Expert Limited

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HUEBNER and IRMIN LANGTON, on behalf of themselves and other similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>RADARIS, LLC, a Massachusetts limited liability company;<br>RADARIS AMERICA, INC., a Delaware corporation; and<br>EDGAR LOPIN, an individual,<br><br>    Defendants. | Case No. 3:14-cv-04735-VC<br><br>[Assigned to the Honorable Vince Chhabria]<br><br>**REPLY IN SUPPORT OF EMERGENCY MOTION FOR RELIEF FROM DEFAULT JUDGMENT**<br><br>Hearing Date:  TBD<br>Hearing Time:  TBD<br>Courtroom:     4<br>Judge:         Hon. Vince Chhabria |

**INTRODUCTION**

Plaintiffs, in their Opposition, do not deny that they filed suit against the wrong parties. Instead, they provide even more evidence that they knew who the proper parties should have been but that they still filed suit against a company that hadn't been in existence for almost a year prior to the filing of the lawsuit and a company that the radaris.com website explicitly stated did not operate the website. Instead, Plaintiffs argue that because they obtained an overbroad default judgment against the wrong parties (a judgment that they would never have obtained but for their violation of Rule 11), they are now entitled to take away the property and business of non-parties. This argument is specious and is best explained by way of analogy:

Party A is a landowner that has leased out its real estate to Party B, who operates a store at the location. Party B then hires a neighborhood kid, Party C, to put up flyers advertising Party B's store. Party X sees Party C put up one of the posters, comes to the store and purchases a sandwich that makes Party X sick. Party X then turns around and sues not Party B, the owner of the corner store, but instead Party C, the neighborhood kid. Party C, having no real interest in the dispute, does not respond to the complaint. As a result, Party X obtains a default judgment against Party C with an injunction requiring Party B's store to shut down. For good measure, Party X also gets an injunction to transfer Party A's building into the name of Party X to cover Party X's claimed damages. This is patently absurd and clearly unconstitutional.

Yet this is exactly what has occurred in the present case. Movant Accuracy Consulting Ltd. ("Accuracy") owns the radaris.com domain name (the "Domain"), on which it has allowed Bitseller Expert Limited ("Bitseller") to operate the radaris.com website (the "Website"). Defendant Radaris America Inc. ("Radaris America") was engaged as the public relations agency for the Website. All of this was easily ascertainable from public records. Plaintiffs ignored the

information available in the public records, filed suit against Radaris America, the public relations agency,[1] and not against Bitseller, the actual operator of the Website, or against Accuracy, the owner of the Domain.  Plaintiffs then proceeded to misrepresent to the Court who the proper parties should be and, through this misrepresentation, obtained a default judgment against parties that should never have been named as defendants in the first place.  Then, using that wrongfully obtained default judgment, Plaintiffs have now succeeded in shuttering the business of Bitseller and take the property of Accuracy simply by misusing a default against the improper parties.  As with the case with the real estate and corner store above, this is a clear abuse of legal process and is unconstitutional.

Plaintiffs have provided no explanation of why they have done this.  They have only confirmed that they named the wrong parties and are now trying to muddy the waters to have their inappropriately obtained default judgment apply to Movants by belatedly inventing a theory to disregard corporate entities.  Movants herein briefly and summarily respond to the allegations and arguments set forth in Plaintiffs' Opposition.  For the reasons set forth below, and in the Motion, the Court should reject Plaintiffs' arguments and grant Movants' Motion.

## BACKGROUND

**A.     Plaintiffs' Mistakes and the Irrelevancy of Boston Law Group**

The only persons that had an obligation to name the correct defendants in this action were Plaintiffs and their counsel.  This duty is maintained though many sources, including Rule 11. Plaintiffs' counsel never dispute that they had access to the names of Movants and they never dispute that they did not name them in the Complaint.  Yet they still chose to name only the currently named Defendants.

---

[1] And two other irrelevant parties, one of which was a dissolved entity.

For whatever reason they chose, the named Defendants had a right not to respond to the incorrectly directed Complaint.  And the Movants, both foreign companies, had no obligation to come into the United States and intervene in a case in which they were never served (that is the very purpose of the constitutional requirement of due process).  They certainly had no obligation to fact check every unsupported allegation of Plaintiffs.

While it is true that undersigned counsel from Boston Law Group, PC ("BLG") was in prior contact Plaintiffs' counsel in February and March of 2015, BLG approached Plaintiffs' counsel only on behalf of the only party that was served at that time, Radaris America. Ultimately, BLG was not retained by Radaris America and thereafter ceased communications with Plaintiffs' counsel.  All of the foregoing is well-documented in the emails between counsel attached as Exhibit B to Attorney Kachadoorian's Declaration.  These communications by unretained counsel on behalf of distinct parties from Movants could not possibly serve to strip Movants of their business and property in violation of due process and good sense.  Moreover, BLG, unretained in this matter at any time until recently by *any* party, was under no obligation to point out the mistakes of Plaintiffs' counsel (whether intentional or not).

### B.     The Meet and Confer

Plaintiffs' counsel misstates the substance of the meet and confer with Movants' counsel that occurred on Friday, March 2, 2018.  Over a phone call that lasted approximately 30 minutes, from approximately 2pm until 2:30pm, Movants' counsel did engage with class counsel regarding the dispute.  Declaration of Matthew Shayefar in Support of Reply in Support of Emergency Motion for Relief from Default Judgment ["Shayefar Reply Decl."], filed herewith, ¶ 2.  It was in fact Movants' counsel that suggested that Plaintiffs' counsel redirect the domain name while the Motion was pending before the Court, which was not accepted by Plaintiffs'

counsel while on the phone call. *Id.*, ¶ 3. This was what Movants' counsel had in fact requested even *before* Movants filed the Emergency Motion. *Id.*, ¶ 4 and Exhibit 1 thereto. Plaintiffs' counsel only agreed to the redirect via an email they sent at 4:11pm later that day. *Id.*, ¶ 5 and Exhibit 1 thereto.

### C. Accuracy is Easily Identifiable and Confirmable as a BVI Company

Accuracy is not a "phantom company" – it is registered in the British Virgin Islands ("BVI"). Accuracy's address in the BVI is even publicly listed in the WhoIs records that Attorney Kachadoorian attaches to his declaration. Docket No. 57-1, pp. 53-79 (providing the registrant address in Tortola, Virgin Islands (British) for Accuracy on no less than fourteen records). Despite knowing that Accuracy has an address in the BVI, Plaintiffs' counsel did not even attempt to determine whether Accuracy was incorporated in that jurisdiction yet stated that "It exists nowhere." Opposition, p. 4; Kachadoorian Declaration, ¶ 18 ("On or around March 2, 2018, I performed a search for "Accuracy Consulting Limited" and "Accuracy Consulting Ltd." at the official websites in California, Delaware, and Massachusetts, as well as the Republic of Cyprus, but these searches returned no results."). Counsel for Movants was able to easily confirm the incorporation of Accuracy in the BVI by calling the BVI's Financial Services Commission. Shayefar Reply Decl., ¶ 6.

### D. Plaintiffs Knew They Named the Wrong Party but Elected to Proceed

Plaintiffs engage in a winding but factually and legally baseless attempt to explain why it is forgivable that they, apparently knowingly, filed suit against the wrong parties. They should be forgiven because "Movants Knew About This Lawsuit but Chose Not to Defend." However, none of the facts alleged there are relevant to the simple reality that Movants were never named as parties to this action and therefore cannot have their property and business taken away.

Plaintiffs acknowledge that for years prior to this lawsuit being filed, the Domain was registered in the name of Accuracy.[2] By Plaintiffs' own proffered documents, pulled from public records that were always available to them, Accuracy has been listed as the "Registrant Organization" for the Domain since as early as December 16, 2013. Docket No. 75-1, p. 52. This proves that Plaintiffs have always known how to find out who the registrant of the Domain is, but they either chose to forgo looking at the public records or saw them and chose to ignore them. Plaintiffs cannot circumvent their failure to comply with Rule 11 obligations by arguing that Movants only acted when it was apparent that the violations would affect them. The foreign Movants had no reason to act until such time as they learned that their property and business were to be taken.

## ARGUMENT

**A.    Plaintiffs Have No Response to the Violation of Due Process Perpetrated**

Plaintiffs' Opposition does not respond whatsoever to Movants' arguments that their due process rights have been violated as a result of the actions and omissions of Plaintiffs and their counsel. Accordingly, for the reasons set forth on pages 7 through 9 of Movants' Motion, this Court should grant the relief requested by Movants.

**B.    The Very Purpose of the Motion is to Obtain Relief on the Basis of the Default Judgment's Purported Application to Non-Parties Like Movants**

Movants acknowledge that the wording of the default judgment (inappropriately) obtained by Plaintiffs covers "persons who are in active concert or participation" with the defaulted defendants. That is exactly why Movants have brought their Emergency Motion for

---

[2] While Mr. Lopin's name and other individuals' names were also on the registration, they were listed as contacts for Accuracy or other parties. Nonetheless, Plaintiffs acknowledge that even then Mr. Lopin's name was removed from the registration by June of 2014, at least four months before the Complaint was filed.

Relief, which this Court explicitly permitted in the default judgment itself. *See* Docket No. 52, p. 5 ("Any third parties subject to this Order may seek relief from the Court if they believe the scope of injunctive relief requires clarification or correction."). As argued in the Motion, there are various bases for relief from the injunctions in the judgment, and the situation presented here is clearly one where relief is necessary.

Plaintiffs' position boils down to "the injunction applies because it says it applies." However, if Plaintiffs had also received default injunctive relief transferring the google.com domain name to their control without ever naming Google to this action, Google (like Movants here) would similarly be entitled argue against the relief granted once it learned that the relief was granted and about to be implemented. This is how our judicial system works. The injunction here was obtained on the basis of false information and therefore must be corrected or vacated now that Movants have learned of the default judgment.

Moreover, this case is distinguished from those cases referenced by Plaintiffs in the Opposition. For instance, *Merial Ltd. v. Cipla Ltd.* contrasts with this case because the non-party movant there was found to be in contempt after having received notice of the injunction and refusing to comply. 681 F.3d 1283, 1304-05 (Fed.Cir. 2012). Also, the named defendant in *Merial*, Cipla, was actually itself selling the product that the court determined was infringing Merial's patent. *Id.* at 1302 ("After analyzing Cipla's role in the development, manufacture, and distribution of PetArmor Plus, the district court nonetheless concluded that Cipla had contemptuously 'caused an infringing product to be sold in the United States....'"). Moreover, in *Merial*, the court "heard extensive testimony from [non-party] Velcera's CEO detailing the relationships, roles, and specific contractual agreements among the various players in the PetArmor Plus venture...." In this case, (a) Movants have requested the relief of this Court

immediately after they learned that the domain name and website were being taken away, not after they have refused to comply with the Court's order, and (b) the default judgment was obtained against the wrong party with incorrect facts never tested by this Court, thereby putting the entire default judgment in question.  Contrary to the assertions of Plaintiffs, the *Merial* decision does not stand for the proposition that a judgment cannot be challenged, only that if a judgment is properly obtained, a party (even a non-party) cannot get out of complying with the judgment.  This is not the case here.[3]

**C.   The Arguments About Vicarious Liability, Alter Ego Liability, Successor Liability and Amendment of Judgment Constitute Litigation in Reverse**

As a last-ditch effort, Plaintiffs essentially argue that *if* they had properly named Movants (which they did not) and *if* they had properly served Movants (which they did not) and *if* this Court has personal jurisdiction over Movants (which Plaintiffs do not even address), then Plaintiffs would have been entitled to a judgment against Movants, so the Court should just apply the judgment against Movants now *as if* Plaintiffs had done all the foregoing.  These arguments on based on theories of vicarious liability, alter ego liability and successor liability, but they are entirely misplaced and are wholly inappropriate for determination at this stage.

In substance, Plaintiffs are litigating backwards.  They first obtained a judgment, now they are arguing liability (all without any discovery or facts supporting their arguments), and it is assumed that later they will actually try to name and serve Movants.  It is an incredible violation of due process to grant the judgment against Movants and only *then* allow Movants to argue why they aren't liable.  Movants are *not* guilty until proven innocent.  Movants should not be obligated to prove their innocence to what are essentially arguments for summary judgment in a

---

[3] The other cases cited by Plaintiffs are also unavailing.  None of them challenged the validity of the judgment obtained or the due process in the application of the judgment.

reply brief seeking relief from a default judgment inappropriately attained against incorrect parties based on misstatements. There is no precedent for allowing the court to disregard due process, corporate protections, issues of jurisdiction, or federal procedure simply because Plaintiffs' counsel filed a lawsuit against the wrong parties over three years ago and failed to remedy it in the intervening years. Movants and Defendants are *not* the same simply because Plaintiffs allege in their Opposition that they are.

This Court should not entertain Plaintiffs' request to delay relief to Movants so that Plaintiffs can try to chase down their foundationless arguments. If Plaintiffs desire discovery against Movants for the purposes of obtaining a valid judgment against Movants, Plaintiffs should be required to file suit against Movants and properly serve Movants in accordance with Rule 4. Until such time, the taking of Movants' properties and business is in violation of due process and the default judgment should be modified or vacated accordingly.

## CONCLUSION

Movants have had their due process rights violated. Accordingly, this Court should modify or vacate the default judgment that was obtained on the basis of incorrect facts. For the reasons set forth herein and in Movants' Motion, the Court should grant the Motion.

DATED:   March 16, 2018        Boston Law Group, PC

By /s/ Matthew Shayefar
Matthew Shayefar
Attorneys for Accuracy Consulting Ltd.
and Bitseller Expert Limited